By the Court—Bosworth, Ch. J.
I am satisfied that the nonsuit cannot be sustained on the first ground on which it was granted. That ground was, that assuming the case to be as the plaintiff’s evidence, prima facie, *311 established it, “ the driver forcibly and wantonly, and without any provocation, pushed the plaintiff off the car; and that such misconduct was not an act done in the course of his employment, and that defendant was not therefore liable.”
There is no pretense that it was not a part of the driver’s appointed and regular duty, to put a person off the platform of the car, who might be there without right, or contrary to the regulations of the Companynor that it was not confided to the driver to determine whether a person on the platform was there without right or contrary to such regulations.
The theory of the defendant’s Counsel was, that the act of the driver was not done in the course of his employment, because it was done forcibly and maliciously. It was not disputed, that if the driver had put the plaintiff off without cause and had injured the plaintiff in ejecting him, through mere negligence, the defendant would be liable.
For the purpose of testing the ground first assigned for the nonsuit, it must be assumed that the driver was authorized, for cause and in a proper manner, to put persons off the platform of the car. In such a case it is not denied, that if he does it so negligently that the person ejected is injured, the Company is liable. The precise question which the first ground of nonsuit presents, is this: is the Company liable if the driver acts maliciously in ejecting the passenger ?
The case of Weed v. The Panama Railroad Company, (17 N. Y. R., 362,) decides this proposition against the defendant. In that case the conductor detained the train at an exposed place all night, and did so maliciously. The plaintiff was made sick by the exposure and endured great suffering. It was held that whether the act of the conductor was willful or negligent merely, made no difference as to the liability of the defendant.
In the case before us, the malicious ejection of the plaintiff from the car by the driver, was as truly a breach of the ' defendant’s duty to carry the plaintiff to Fifth street in *312 safety and with all reasonable dispatch, as the malicious detention of the train by the conductor, in the case cited, was a breach of his principal’s similar duty.
The cases of McManus v. Crickett, (1 East., 106,) and the Richmond Turnpike Company v. Vanderbilt, (1 Hill, 480,) are unlike this in a very essential particular. In the former the defendant’s servant had no authority to drive against the plaintiff’s chaise for any cause or under any circumstances. In the latter, the captain of the boat, belonging to the Turnpike Company, had no authority to run it against Vanderbilt’s boat under any pretense.
In those eases the acts of the servants had no connection with matters or persons, as to which or whom the principal had confided any authority to the servants. The servants, in what they did, were not acting, in any sense, within the scope of their employment. In the case before us, according to the plaintiff’s testimony, he entered the cars as a passenger, intending to pay his fare and having money with which to pay it. And the driver, under circumstances that might occur, was authorized to eject him in a proper manner, and was also authorized to determine whether occasion to eject him existed. Had he ejected him so negligently as to injure him, the defendant would be liable; and the fact that the driver ejected him maliciously, instead of negligently merely, makes no difference as to the' defendant’s liability. The rule in the English courts is to the same effect. (Green v. The London General Omnibus Co., 7 Com. Bench, [J. Scott,] N. S., 290 ; and see Althorf v. Wolfe, 22 N. Y. R., 361.)
I am of the opinion, therefore, that as the evidence stood when the nonsuit was ordered, the cause should have been submitted to the Jury with instructions, that if they believed the plaintiff’s witnesses, the plaintiff was entitled to recover; while, on the other hand,- if they believed the defendant’s witnesses, their verdict should be in favor of the defendant.
The driver testified that he did not push the plaintiff off the car, and not only that, but that he did not see him on *313 thecar. The testimony of the conductor, of Vogel and of Wm. Smith, is equally pointed. On the other hand, the testimony of the plaintiff and Louis Klager is direct, that the driver pushed him off.
Whether he was on the car as a passenger and was pushed off and injured, or whether he was hanging on the car, without right, and dropped off on seeing the conductor approaching, were questions for the Jury and not for the Court to determine. The judgment should be reversed and a new trial granted, with costs to abide the event.
Ordered accordingly.