## N. Y. SUPERIOR COURT.

### JOSEPH S. PRIEST agt. THE HUDSON RIVER RAILROAD COMPANY.

Where the employee of a railroad company, in the course of his employment, commits an *assault and battery* upon a passenger, about to enter the cars, without a ticket, it is a joint trespass, for which a joint or several action against either the principal or agent could be sustained.

Such an action is barred by the *two years* statute of limitations.

*Before* MONELL, McCUNN, and SPENCER, *JJ.*

APPEAL from a judgment and order heard October General Term, 1870.

Action for personal injury.

The plaintiff was about entering one of the defendants' cars at Troy, when the brakeman stationed there to see that passengers had procured tickets before entering the car, demanded the plaintiff's ticket. The plaintiff said he had had no time to procure one. Whereupon the brakeman seized the plaintiff, struck him, and thrust him from the car.

The occurrence was in December, 1866. The action was commenced in April, 1869.

The defendants set up the statute of limitations as a bar.

The principal allegation in the complaint was, " that at the time of his entry upon the cars of the defendant, the defendant through its agent violently assaulted the plaintiff and struck him several blows, and seized him by the collar of his coat and jammed and pressed him forcibly against the sides and railing of the car, and trampled and stamped upon him after they had thrown him down, and other outrages, indignities, injuries, and enormities on the plain-

tiff then and there committed, so that the plaintiff was severely bruised, wounded, and injured thereby, and was made ill and lame and disabled from attending to his business ever since, and was compelled to employ medical attendance and to expend a large sum of money, to wit, the sum of fifty-seven dollars, in curing himself of said injuries, and has ever since and for a long time will be lame and unable to attend to his business, to his damage five thousand dollars."

A motion to dismiss the complaint on the ground that more than two years had elapsed since the cause of action occurred, was made and denied.

The jury gave the plaintiff a verdict, and the defendants appealed from the judgment, and also from an order denying a motion for a new trial.

F. LOOMIS, *for appellants*
A. R. LAWRENCE, *for respondents.*

*By the court,* MONELL, J.—It was conceded on the argument that if this was an action for an *assault and battery*, it was barred by the statute. The ninety-third section of the Code requires that actions for " libel, slander, assault and battery, or false imprisonment" shall be commenced within two years. But it is claimed that the case of the plaintiff falls within the fifth subdivision of section 91, of " any other injury to the person or rights of another not arising on contract, *and not hereinafter enumerated.*"

The allegations in the complaint are those of an assault and battery committed upon the person of the plaintiff by the defendants' brakeman. Had the action been against the brakeman, it would have been for an assault and battery.

Has it become a different action by being against the employer or principal, under whose authority or direction the injury was done?

Since the abolition of "forms" of actions, which includes the denomination of actions, and reducing all to one form under the denomination of a "civil action" (*Code, section* 69), it has not been easy to interpret such parts of the Code as, very singularly, still preserve to some extent the denomination of actions. Assault and battery, libel, and slander are in the main but injuries to the person. Yet we find both in apparently inconsistent attitudes, as we do in the two sections already referred to.

To prevent the statute from attaching, it is necessary to determine that the action is for an injury to the person other than an assault and battery, and that can be done only by making a distinction between an action against the master and an action against the servant.

The old action of trespass was of three kinds: 1. Trespass for injury to the person, accompanied by force (*vi et armis*), such as assault, battery, or false imprisonment: 2. Trespass for injuries to personal property; 3. Trespass for injuries to real property.

Trespass on the case, or commonly called "case," lay for injury to the person or the personal rights or property not accompanied by force or not immediately injurious.

Under the old form of actions, I cannot doubt this would have been trespass, assault and battery, and not trespass on the case.

The liability of the defendants proceeds upon the prin ciple of agency. Their employee, in performing his assigned duties, committed the assault, and even if it was wilful and accompanied by more than necessary force it was done in the course of his employment as the servant of the defendants (*Meyer* agt. *Second Av. R. R. Co.*, 8 *Bosw.*, 305).

The distinction between trespass and case, though finely drawn, was strictly preserved until the adoption of our new code of practice; and it was not unusual to nonsuit a plaintiff who had mistaken his "form" of remedy.

Trespass was the oldest form of action.

Trespass on the case was given later, and in England first by the statute of 13 Edw. I., and was more comprehensive than trespass.

The same strictness with which these forms of action were separated in England, may be illustrated by the case of *Savignac* agt. *Roome* (6 *Term. R.*, 125), when the action was "case" against the master for wilful injury by the servant. The court arrested the judgment on the ground that the action ought to have been "trespass." Afterwards the plaintiff brought trespass, alleging *negligence* as the cause of the injury ( *See* 2 *Bl.*, 442), and was nonsuited, on the ground that the action ought to have been "case." And the decisions are reconcilable. Under the forms, for a wilful act trespass lay, for a negligent act case was the remedy.

In this country, however, and particularly in our state, this rigid strictness was greatly relaxed before the Code, and trespass and case were mostly concurrent remedies.

Assuming, then, as the plaintiff must assume, that the liability of the defendants arises from the act having been done by their servant in the course of his employment and not negligently or unskilfully (for if it was wilfully done outside of his employment, the master would not be liable) (*Wright* agt. *Wilcox*, 19 *Wend.*, 343), then it follows that it was a joint trespass for which a joint or several actions against either could be sustained.

But the action would be for the same cause, for what a master does by his servant he does by himself.

I am of opinion, therefore, that the action in this case was for assault and battery, and for such cause was maintainable against the defendants, all being principals in the trespass.

There may be some difficulty in reconciling the difference in the limitation of actions for personal injuries other than assault, &c., but the legislature could never have intended

to include in actions for personal injuries, all the actions enumerated in the ninety-third section. But they did intend, I think, to continue, in effect, the distinction which arises from the well understood meaning of words, and hence to confine to two years' limitation, whenever it can be seen from the statement of the cause of action, that it is for an assault and battery, &c.

I am of opinion, therefore, that the defense ought to have prevailed.

The judgment and order should be reversed, and judgment absolute granted to the defendants, with costs.