PETER BAXTER *against* JOHN MCDONALD AND WIFE.

In an action for the conversion of money claimed to have been stolen from plaint-
iff by his son, and subsequently to have come into defendant's possession, the
only evidence in support of plaintiff's case was that of his son, a child of nine
years, who had stolen the money, and who on his examination contradicted
himself in many material points, and who was directly contradicted by the de-
fendant's witnesses: *Held,* That the judgment entered on the verdict in favor
of plaintiff should be reversed.

APPEAL from a judgment entered on the verdict of a jury.
The facts are stated in the opinion.

LARREMORE, J.—The judgment rendered in this case is not
sustained by competent or reliable evidence. The only wit-
ness who testified to the conversion of plaintiff's money was
his own son, a child of nine years, who contradicts himself on
so many material points as to render his testimony unworthy
of credit. He was also privy to and aided in the abstraction
of the money in the first instance. The testimony of the de-
fendant's witnesses was so positive and consistent, that but one
conclusion could be derived therefrom.

The judgment in this case is clearly against the weight of
evidence, and should be reversed with costs.

ROBINSON, J.—Although it must be a very extreme case in
which this court, on appeal, would interfere with the verdict
of a jury upon questions of fact properly submitted, this case
is one in which there should be a reversal of the verdict, be-
cause it is not sustained by any positive or unimpeached tes-
timony. Plaintiff's case rests wholly upon the testimony of
Peter Baxter, his infant son, of the age of nine years, who, it
is claimed, with his younger brother, stole the father's money,
which, it is alleged, came into the defendants' hands under
claim that it had been stolen, by the boys, from them. The
amount plaintiff claims he lost, was but $75. The amount re-

Baxter v. McDonald.

covered by defendants from these boys, under claim that it was· part of the sum of $100 stolen by them from under a hearth rug in defendants' premises, where temporarily deposited by Mrs. McDonald, for safe keeping, was $80. The boy Peter was, confessedly, *particeps criminis* in the theft of the money in question. He contradicted himself, first swearing he never was in defendants' front room, from which the money was stolen, until the occasion when the female.defendant (Mrs. McDonald) brought him in there after the alleged theft, and never knew his younger brother to go in there; and yet he subsequently testified substantially to being present there with his brother *when they stole defendants' money*. If the boy had not thus confessed to the stealing of the money from defendants, the case was one in which there was so great preponderance of testimony in defendants' favor, that, considering the other irreconcilable fact that the amount recovered from the boy was $80, when plaintiff· only lost $75, it would have presented such overwhelming evidence of the injustice of the verdict that it ought, for that reason, to have been set aside and the judgment reversed.

The judgment should be reversed.

DALY, Ch. J., concurred.

Judgment reversed.