MARY SHEA, Respondent, v. THE SIXTH AVENUE RAILROAD
COMPANY, Appellant.

Where a street car is stopped so as to obstruct the passage of a traveler on
foot desiring to cross the street, it is not a trespass or wrongful act on
his part to step upon and pass over the platform of the car, in order to
avoid the obstruction; he has the right so to do.

Plaintiff's complaint alleged that while passing over the platform of the
defendant's car, under such circumstances, she was "forcibly, willfully
and violently" seized and thrown off by the driver and seriously
injured; that the driver was acting at the time as "the servant and agent
and in the employment of the defendant." Defendant demurred to
the complaint. *Held* (FOLGER, J., dissenting), that the demurrer was
properly overruled; that it might be assumed from his position that the
driver was acting within the line of his instructions in keeping the plat-
form clear, and that the act complained of was an error of judgment in
the course of his employment for which the company was liable; also
that the averment that the act was "forcibly, willfully and violently"
done would not be considered as a charge that it was malicious, but
that it was done in the performance of his duty, he using more force
and violence than was necessary.

(Argued April 29, 1875; decided May 25, 1875.)

APPEAL from judgment of the General Term of the Court
of Common Pleas, for the city and county of New York,
affirming a judgment in favor of plaintiff, enterred upon an
assessment of damages by a sheriff's jury. The action was
brought to recover damages for personal injuries.

The complaint alleged, in substance, the incorporation of
defendant, and that it was a common carrier of passengers
in the city of New York, running cars on the streets for that
purpose. That on the 13th March, 1873, one of its cars was
standing at the corner of Barclay and Church streets, in said
city, in such a position as to block up the passage across
Church street. That plaintiff being desirous of crossing said
street, stepped upon the front platform of the car for the
purpose of passing over it; "that thereupon the driver of
said car or vehicle, who was then the servant and agent and
in the employment of the defendant, and engaged in driving

such car or vehicle, forcibly, willfully and violently seized the plaintiff and threw her from said car," breaking her leg, and otherwise seriously injuring her, etc.   Defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.   The demurrer was sustained by the Special Term, and judgment was entered dismissing the complaint.   On appeal the judgment and order were reversed, and defendant's demurrer overruled with leave to defendant to answer within twenty days ; not having so done, plaintiff's damages were ordered assessed by a sheriff's jury.

*Waldo Hutchins* for the appellant.   The provisions of 1 Revised Statutes, 695, "of the law of the road and the regulation of public stages," do not apply to street railroad companies. (*Isaacs* v. *Third Ave. R. R. Co.*, 47 N. Y., 122 ; *Whitaker* v. *Eighth Ave. R. R. Co.*, 51 id., 295 ; *Burnside* v. *Whitney*, 21 id., 148 ; Potter's Dwar. on Stat., 244, n. 34 ; 205, n. 21.)   The act of the driver being an act of willful mischief, and not within the scope of his employment, defendant is not liable for its consequences.   ( *Wright* v. *Wilcox*, 19 Wend., 343 ; *Mali* v. *Lord*, 39 N. Y., 381 ; *Fraser* v. *Freeman*, 43 id., 566 ; *Isaacs* v. *Third Ave. R. R. Co.*, 47 id., 122.)   Defendant had no legal right to remove plaintiff from its platform. (Bac. Abr., tit. "Highway" D ; S. & R. on Neg., §§ 490, 491 ; *Rauch* v. *Lloyd*, 31 Penn. St., 358, 370 ; *Penn. R. R. Co.* v. *Kelly*, id., 372 ; *State* v. *M. and E. R. R. Co.*, 1 Dutch., 437 ; *Wilbrand* v. *Eighth Ave. R. R. Co.*, 3 Bosw., 314, 320 ; *Hegan* v. *Eighth Ave. R. R. Co.*, 15 N. Y., 380 ; *G. and C. W. R. R. Co.* v. *Dill*, 22 Ill., 264, 270.; *T. and W. R. Co.* v. *Goddard*, 25 Ind., 185, 197 ; *McMahon* v. *N. C. R. R. Co.*, 39 Md., 438, 450 ; Add. on Torts [3d ed.], chap. 7, § 1, p. 308 ; Woolrych on Ways, 51, 52 ; *Slater* v. *Swann*, 2 Str., 872 ; 3 Blk. Com., 5, 6 ; Com. Dig., tit. "Trespass" A, 1.)   Having no legal right to do so, it could confer none on its servant. (*Isaacs* v. *Third Ave. R. R. Co.*,

47 N. Y., 122; *Poulton* v. *L. and S. W. R. Co.*, L. R. [2 Q. B.], 534.)

*O. P. Buel* for the respondent. Defendant could not object to the form of the complaint under the demurrer. (Voorhies' Code [10th ed.], 204, note *e;* p. 208, notes *a, b, c;* V. S. Pldgs. [2d ed.], 693; Bac. Abr., "Pleas and Pleadings," n. 6; *Conaughty* v. *Nichols*, 42 N. Y., 83; *Haskell* v. *Vil. of Penn Yan*, 5 Lans., 43.) Defendant is liable at common law upon the facts alleged in the complaint and admitted in the demurrer. (*Higgins* v. *W. Tpke. Co.*, 46 N. Y., 23; *Jackson* v. *Second Ave. R. R. Co.*, 47 id., 274; *Sanford* v. *Eighth Ave. R. R. Co.*, 23 id., 343; *Goddard* v. *G. T. R. Co.*, 57 Me., 202; *Ramsden* v. *B. and A. R. R. Co.*, 104 Mass., 117, 120; *Coleman* v. *N. Y. and N. H. R. R. Co.*, 106 id., 160; *Jeff. R. R. Co.* v. *Rogers*, 38 Ind., 116, 125, 126; *Barden* v. *Felch*, 109 Mass., 154; *Seymour* v. *Greenwood*, 7 H. & N., 35; *Goff* v. *G. N. R. Co.*, 3 E. & E., 672; *Vanden Eyden* v. *Uls. R. Co.*, 5 I. R. [C. L.], 32; 1 Blk. Com., 430; Story on Ag. [8th ed.], § 456, pp. 611, 615; *Croft* v. *Alison*, 4 B. & A., 590; *N. Y. and N. H. R. R. Co.* v. *Schuyler*, 34 N. Y., 49; *Wolfe* v. *Mersereau*, 4 Duer, 473; *Coulter* v. *A. M. U. Ex. Co.*, 5 Lans., 67; *Wilton* v. *Mid. R. R. Co.*, 107 Mass., 108; Broom's Leg. Max. [7th Am. ed.], 844, 856.) The use of the word willfully in the complaint was no ground for demurrer. (*People* v. *Brooks*, 1 Den., 457; *Morris* v. *People*, 3 id., 382.) If plaintiff was on the platform without right, the driver acted within the scope of his authority in ejecting her. (*Meyer* v. *Second Ave. R. R. Co.*, 8 Bosw., 305; *Drew* v. *Sixth Ave. R. R. Co.*, 26 N. Y., 49; *Wilton* v. *Mid. R. R. Co.*, 107 Mass., 110; *Goff* v. *G. N. R. Co.*, 3 E. & E., 672.) Defendant is liable, under the Revised Statutes (1 R. S., 696, §§ 6, 7), for the act of its driver. (Bac. Abr., "Statute" [I], 2, 10; *Waller* v. *Harris*, 20 Wend., 561; *Jones* v. *Harrison*, 6 Exch., 333; 1 Kent's Com. [11th ed.], 462, note; *Bruce* v. *N. Y. C. R. R. Co.*, 27 N. Y., 271; *People* v. *Kerr*, id., 188; *Sixth Ave. R. R. Co.* v. *Kerr*, 45 Barb., 138.)

MILLER, J.   The plaintiff's complaint alleges that one of the cars of the defendant was standing at the corner of Barclay and Church streets in New York city, in such a position as to block up the passage across Church street.   That the plaintiff being desirous of crossing said street, stepped upon the front platform of said car, for the purpose of passing over the same.   That thereupon the driver of said car who was the servant and agent and then in the employment of the defendant, forcibly, willfully, and violently seized the plaintiff, threw her from the said car upon the highway, in consequence of which the leg of the plaintiff was broken, and the plaintiff was otherwise severely bruised and injured.

The averments in the complaint show that the defendant's car blocked up the street, so as to prevent the crossing of the same by foot passengers who might have occasion to pass over. The right of every individual to a free and unrestricted use of a public highway or a street, for the purpose of passing and repassing is well settled.   When such a right is obstructed or infringed upon, I think that it is equally clear that a person who desires to pass across the street would have the right either to remove the obstruction, or if necessary to pass over the same.

While there are occasions when it is indispensable for the cars on street railroads to stop at localities on their route, and sometimes necessarily obstruct a free passage across the street, there is no good reason why a person who desires to cross should wait unreasonably long for the cars to pass, or be compelled at some inconvenience to seek another place for that purpose.   Such person has an undoubted right to cross over the platform of the car while thus interfering with his passage for the purpose of getting beyond it, and he is not a trespasser or wrong-doer in so doing.   To render such an act a trespass would, I think be in direct conflict with the principle that public highways and streets are open to all who choose or may desire to use them, and for the benefit of the entire community.   The fact that street railroads have rules and regulations, preventing persons from being on the platform,

does not, I think, interfere with the right to pass over the same. These rules are intended mainly for the passengers who travel in the cars, and have no application to those who merely use them as a means of avoiding the obstructions which they create to the public, when stopping at places on public streets and thoroughfares. If such a right to pass did not exist, it would rest with these companies to determine in their own discretion, when, where, and for what length of time they shall interfere with the travel of the public, and in fact the entire extent of the obstruction which they are at liberty to interpose in this manner.

The plaintiff, then, was lawfully on the car, when the driver seized and threw her from the same, and the question arises whether the act of the driver was one for which the defendant was responsible. It is insisted by the defendant's counsel, that as the defendant gave the driver no express authority to do the act, no authority to do an unlawful act will be presumed, and to sustain this position, reliance is placed upon the case of *Isaacs* v. *Third Ave. R. R. Co.* (47 N. Y., 122). In the case cited, it appeared that the plaintiff was a passenger in the defendant's car, and desiring to alight passed out upon the platform, and requested the conductor to stop the car, to which he replied that " the car was stopped enough," she answered that " she would not get out until the car had come to a full stop," whereupon he took her by the shoulder with both hands and threw her out, and her leg was broken, by falling upon the pavement. It was held that the act was a wanton and willful trespass, not in the performance of any duty to, or of any act authorized by the defendant, and that the defendant was not liable. It is laid down, in the case cited, that if an act is done by a servant in the business of the master, and within the scope of his employment, the master is liable to third persons for abuse of the authority conferred, and injuries resulting from an error of judgment or mistake of facts by the servant, as well as those resulting from a negligent or reckless performance of his duties. It is said in the opinion of the court, that " an act was done by the conductor completely out of the

scope of his authority, which there can be no possible ground, warranted by the evidence, for supposing the defendant authorized, and which it never could be right under any circumstances for the defendant to do." Several grounds are stated, showing that the act was not done by the conductor while engaged in the performance of any duty to the defendant, or of any act authorized by it, but that it was a criminal act, a wanton and willful trespass, and not the natural or necessary consequence of any thing which the defendant had ordered to be done.

The case at bar is not analogous to the case cited, and the rule there laid down has no application here. The demurrer admits all the facts alleged in the complaint, and concedes that the defendant's driver was acting as "the servant and agent, and in the employment of the defendant," when the act complained of was done. It may also be assumed, from his position that the driver had instructions to keep the platform of the car clear from all passengers, as well as all other intruders, who might be there without right and contrary to the regulations of the company. This no doubt was his regular duty, and it was necessarily intrusted to his judgment to decide whether a person was on the platform in violation of the rules of the company, and he was authorized to remove such person. If without comprehending the precise nature of the legal rights of the defendant, or that the obstruction of the street by the stopping of the cars conferred any privilege upon persons who desired to cross, and supposing and believing that the plaintiff had no such right, and was a trespasser unlawfully there, the driver did the act complained of, it was an error of judgment, a mistake committed in the course of his employment, for the consequences of which the defendant is liable. If it was an abuse of authority conferred which induced him to seize and eject the plaintiff, the same rule is applicable. (*Isaacs* v. *Third Ave. R. R. Co.*, *supra*; *Higgins* v. *Watervliet Turnpike Co.*, 46 N. Y., 23, 29; *Jackson* v. *Second Ave. R. R. Co.*, 47 id., 274; *Meyer* v. *Second Ave. R. R. Co.*, 8 Bosw., 305.)

The averment in the complaint, that the driver "forcibly,

SICKELS—VOL. XVII.      24

willfully, and violently, seized the plaintiff, and threw her from the said car," cannot I think be considered as charging that the act was malicious, but is merely an allegation that he acted knowingly and recklessly, in the performance of his duty, using more force and violence than was necessary to accomplish his purpose, for which as we have seen, within the cases cited, the defendant would be answerable.

The order and judgment of the General Term was right, and must be affirmed with costs.

All concur; except FOLGER, J., dissenting.

. Judgment affirmed.