## ALEXANDER B. MOTT, Appellant, *v.* THE CONSUMERS' ICE COMPANY, Respondent.

For the acts of a servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interests, the latter is responsible, whether the act be done negligently, wantonly, or even willfully; the quality of the act does not excuse.

But if the servant, without regard to his service, or to accomplish some purpose of his own, acts maliciously or wantonly, the master is not liable.

Where therefore, an action is brought against the master for the wrongful act of the servant, the inquiry is simply, whether the wrongful act was in the course of the employment, or outside of it.

Where a party gives in evidence an admission in the pleading of his adversary, he is not estopped from questioning a portion thereof which is against him; he is at liberty to use the admission so far as it makes in his favor, and to disprove the residue.

In an action to recover damages for injuries alleged to have been sustained through the wrongful act of defendant's servant, plaintiff's evidence tended to show that a driver of one of defendant's ice carts, while engaged in the performance of his duties, and in the course of his employment, carelessly and recklessly drove his cart against plaintiff's carriage, causing the injury complained of. Upon the cross-examination of one of plaintiff's witnesses, whose direct examination tended to show gross carelessness on the part of the driver, the witness, in answer to a question as to whether the driver drove into plaintiff's carriage purposely, answered: "It seems so; it looks like it." The question being substantially repeated, the witness answered: "Well, I could not tell." Plaintiff also offered in evidence a former answer — amended pleadings having been subsequently served — which contained an admission that defendant's servant, then in its employ as driver of an ice cart, "willfully, and not negligently nor carelessly, drove said ice cart against the carriage of plaintiff." Plaintiff was nonsuited. *Held,* error; that the first answer of plaintiff's witness, above stated, was but the expression of an opinion upon a fact to be determined by the jury, not by the witness; but that as an opinion its effect was destroyed by the last answer; that plaintiff was not estopped from questioning the allegation of the answer that the act was done "willfully;" also that the answer did not exclude all presumption of liability, as the act may have been done "willfully," and yet, in the course of the employment, and so have made defendant liable.

(Argued April 19, 1878; decided May 21, 1878.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial.

This action was brought to recover damages for injuries alleged to have been sustained by reason of the driver of one of defendant's ice carts, while engaged in his duties, carelessly driving his cart against plaintiff's carriage, upsetting it, and doing the injuries complained of.

Upon the trial plaintiff offered in evidence an answer to the original complaint, which contained this admission: "That one Patrick Tanzy, who was then in the employment of these defendants, as a driver of an ice cart of these defendants, in the month of June or July, of the year 1872, willfully, and not negligently nor carelessly, drove said ice cart against the carriage of the said plaintiff, and caused some injury thereto, and to the said plaintiff, one or both, and they say that said driving against, and said injury, are the same as the driving against and injury complained of in the complaint in this action, and not otherwise."

Amended pleadings were subsequently served. Plaintiff's testimony was to the effect that he was driving on Fourth avenue, in New York city; on approaching Eighteenth street he saw one of defendants ice carts coming rapidly down that street, and stopped his carriage some twenty feet from the corner near the curb. The cart turned the corner and the driver drove it in upon plaintiff's carriage, upsetting it and throwing him out. Another witness, a servant of plaintiff's, who was with him in the carriage, testified substantially, to the same facts. Upon his cross-examination the following questions were asked and answered:

"Q. Now this man could have gone by you without any difficulty, I suppose? A. He could if he had not come so much on the wrong side.

"Q. Then he drove into you purposely? A. It seems so; it looks like it; I could make nothing else of it.

"Q. He must have turned right into you then, and there is

no other way unless it is done purposely ?     A. Well, I could not tell."

Defendants counsel moved to dismiss the complaint, on the ground that it appeared that the injury was occasioned by the willful and malicious act of defendant's driver, for which defendant was not liable. The motion was granted, to which plaintiff's counsel duly excepted.

*H. F. Hatch*, for appellant.     The questions of fact should have been submitted to the jury. (*Redding* v. *S. C. R. R. Co.*, 16 Am. R., 681; *Rounds* v. *D. L. and W. R. R. Co.*, 64 N. Y., 137; *McKenzie* v. *McLeod*, 10 Bing., 385; *Cohen* v. *Dry Dock and C. R. R. Co.*, Ct. Apps., not rep'ted; *Jackson* v. *Second Ave. R. R. Co.*, 47 N. Y., 277; *Kirkpatrick* v. *N. Y. C. and H. R. R. R. Co.*, 6 N. Y. Wk'ly Dig., 105; *Ward* v. *C. P. and E. R. R. Co.*, 42 How., 289; *Gonzales* v. *N. Y. and H. R. R. R. Co.*, 39 id., 407; *Hyman* v. *Heard*, 50 N. Y., 27.)     The fact that the acts of defendant's servant were willful will not exonerate defendant. (6 Cont. L. J., March 29, 1878, p. 251; *Limpus* v. *Lond. G. O. Co.*, 1 H. & C., 526; *Joel* v. *Morrison*, 6 C. & P., 501; *Mitchell* v. *Cresweller*, 13 C. B., 237; *Sleath* v. *Wilson*, 9 C. & P., 612; *Seymour* v. *Greenwood*, 7 H. & N., 354; 16 Am. R., 681; S. & R. on Neg., § 65; *Croker* v. *C. and N. W. R. R. Co.*, 17 Am. R., 504; *Hill* v. *Merrick*, Hume, 397; 1 Red. on Railways, 508, § 3; id., 512, § 6, note; Reeves Dow. Rcl., 517; *Whatmar* v. *Pierson*, L. R., 3 C. P., 422; *C. and N. W. R. R. Co.* v. *Finney*, 10 Wis., 388; Whart. Am. Cr. Law, 153; *Hawkins* v. *Riley*, 17 B. Monr., 101; *Goddard* v. *G. T. R. R. Co.*, 10 Am. L. Reg. [N. S.], 17; *Shirley* v. *Billings*, 8 Bush., 147; *Jeff.*, *etc.*, *R. R. Co.* v. *Rodgers*, 38 Ind., 116; *Duggins* v. *Watson*, 15 Ark., 118; *Meyers* v. *Second Ave. R. R. Co.*, 8 Bos., 305; *Day* v. *B. R. R. Co.*, 5 N. Y. W'kly Dig., 372.)     Even if defendant's driver in the discharge of his duty in driving the ice cart perverted it to a wanton and malicious purpose defendant was liable at common law. (9 C. & P., 607; 38 Ind., 116;

*Toledo W. and W. R. R. Co.* v. *Harmon*, 47 Ill., 298; *C. B. and Q. R. R. Co.* v. *Dickson*, 63 id., 151; *Phil. and R. R. R. Co.* v *Derby*, 14 How. [U. S.], 468; *Schuyler's Case*, 34 N. Y., 87; *Hawes* v. *Knowles*, 114 Mass., 518; *Ramsden* v. *B. and A. R. R. Co.*, 104 id., 117.) Defendant was liable under the statute. (2 R. S. [6th ed.], 983, § 6, 7; *Isaacs* v. *Third Ave. R. R. Co.*, 47 N. Y., 132; Bacon's Abr., Statute 1–10; *Waller* v. *Morris*, 20 Wend., 561.)

*Aaron Pennington Whitehead*, for respondent. Defendant was not liable for the willful acts of his servant, but only for those done in his relative capacity. (*McManus* v. *Crickett*, 1 East, 106; *Wright* v. *Wilcox*, 19 Wend., 343; *Vanderbilt* v. *Rich. Tpke. Co.*, 2 N. Y., 479; 1 Hill, 480; *Hibbard* v. *N. Y. and E. R. R. Co.*, 15 N. Y., 455; *Mali* v. *Lord*, 39 id., 381; *Frazer* v. *Freeman*, 43 id., 566; *Isaacs* v. *Third Ave. R. R. Co.*, 47 id., 122; *Rounds* v. *D. L. and W. R. R. Co.*, 64 id., 129; *Cohen* v. *Dry D. E. B. and B. R. R. Co.*, Ct. App., May 18, 1877; *Garvey* v. *Dung*, 30 How. Pr., 315; *Steele* v. *Smith*, 3 E. D. S., 321; *Lyons* v. *Martin*, 8 Ad. & El., 512.) The question whether the act was willful or not was one of law. (*Dascomb* v. *B. and S. L. R. R. Co.*, 27 Barb., 221, 227, 228; 24 How. Pr., 609; *Thrings* v. *C. P. R. R. Co.*, 7 Robt., 616; *Roth* v. *B. and S. L. R. R. Co.*, 34 id., 548, 553; *Mackey* v. *N. Y. C. R. R. Co.*, 27 Barb., 528; *Ginnon* v. *N. Y. and H. R. R. Co.*, 3 Robt., 30; *Calkins* v. *Barger*, 44 Barb., 424; *Moore* v. *Westervelt*, 2 Duer, 59; *Van Lien* v. *Scoville Mfg. Co.*, 14 Abb. Pr. [N. S.], 74; *Ganzales* v. *N. Y. and H. R. R. Co.*, 38 N. Y., 440.)

ALLEN, J. The injury complained of was committed by a servant of the defendant, and the sole question is, whether there was evidence for the jury that the act of the servant was one for which the master was responsible. The responsibility of the master for the acts of a servant rests upon the express or implied authorization of the act by the master who, in the

employment of another to act for him, assumes all the risks of a wrongful execution of his duties. The general principles, by which the liability of the master to respond for the consequences of the wrongful acts of his servant, are tested, have in their frequent discussion by the courts of late become quite familiar, and the only difficulty has been, and is, to apply them to the different circumstances under which the question arises. The rule recognized in all the recent cases, and which does not materially conflict with any of the older decisions, although it may qualify some of the intimations and casual expressions or illustrations of the judges, is that for the acts of the servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even willfully. In general terms, if the servant misconducts himself in the course of his employment, his acts are the acts of the master, who must answer for them. There are intimations in several cases of authority that for the willful acts of the servant the master is not responsible. (*McManus* v. *Crickett*, 1 East, 106; *Hibbard* v. *N. Y. and E. R. Co.*, 15 N. Y., 455; *Wright* v. *Wilcox*, 19 Wend., 343.) But these intimations are subject to the material qualification, that the acts designated "willful," are not done in the course of the service, and were not such as the servant intended and believed to be for the interest of the master. In such case the master would not be excused from liability by reason of the quality of the act. (*Limpus* v. *London Gen'l Omnibus Co.*, 1 H. & C., 526; *Seymour* v. *Greenwood*, 6 H. & N., 359; affirmed, 7 id., 355; *Shea* v. *Sixth Av. R. Co.*, 62 N. Y., 180; *Jackson* v. *Second Ave. R. Co.*, 47 id., 274.) But if a servant goes outside of his employment, and without regard to his service, acting maliciously, or in order to effect some purpose of his own, wantonly commits a trespass, or causes damage to another, the master is not responsible; so that the inquiry is whether the wrongful act is in the course of the employment, or out-

side of it, and to accomplish a purpose foreign to it. In the latter case the relation of master and servant does not exist so as to hold the master for the act. (*Croft* v. *Alison*, 4 B. & Ald., 590; *Wright* v. *Wilcox*, *supra*; *Vanderbilt* v. *Richmond Turnpike Co.*, 2 Comst., 479; *Mali* v. *Lord*, 39 N. Y., 381; *Fraser* v. *Freeman*, 43 id., 566; *Higgins* v. *Watervliet T. Co.*, 46 id., 23; *Rounds* v. *D. L. and W. R. R. Co.*, 64 id., 129; *Isaacs* v. *Third Avenue R. Co.*, 47 id., 122.)

The latter case has been questioned, not for the reason that an erroneous rule of law was adjudged, but upon the ground that the case was supposed not to be within the operation of the rules which were there held applicable to the facts of it. It was doubtless a border case, and may seem to infringe upon some of the other reported cases; but the true test of liability of masters for the acts of servants was recognized and affirmed in that case, and whatever dissent there may be from the judgment, by reason of a difference of opinion upon the facts, the case cannot be regarded as seeking to overrule, qualify, or in any respect change, the doctrines of any well-considered case. The court there held the act of the conductor of the cars wholly illegal, and entirely independent of his employment by the defendant, and outside of it, and that it was not committed in the performance of his duty to the defendant. It was decided upon the authority of *Vanderbilt* v. *Richmond T. Co.*, and kindred cases. That case, and *Limpus* v. *Omnibus Co.* (*supra*), are not unlike in circumstances, but in the one the master was held, and in the other excused from liability for the consequences of the servant's acts; but the harmony of the law is in no degree disturbed by a seeming inconsistency of the two cases.

At the time of the collision with the plaintiff the driver of the ice cart was in the actual service and employ of the defendant, and in the act of driving through the streets of the city, and at that time and place was in the course of his employment and the performance of his duties to his employer. He was, in passing through Fourth avenue with

his ice cart, within the scope of the express authority conferred upon him and in the performance of the precise service for which he was employed. The evidence would have authorized the jury to find that the collision with, and consequent injury to, the plaintiff was the result of the careless and reckless driving of the defendant's servant, and was, therefore, an act for which the defendant was directly responsible, unless the fact was proved to the satisfaction of the jury that the servant willfully and maliciously, and to effect some purpose of his own, outside of his employment, committed the injury; in other words, that at the time of the injury, and in the act of its commission, the relation of master and servant did not exist; and to sustain the nonsuit the evidence must have been so conclusive that the jury could not have found a verdict for the plaintiff. The only evidence other than of the fact that the servant drove the ice cart at an unusual speed through the street, and negligently against the carriage of the plaintiff, was upon the cross-examination of the plaintiff's servant who was by his side in the carriage, who after stating facts tending to show gross carelessness on the part of the defendant's driver, in answer to the question: "Then he drove into you purposely?" answered: "It seems so; it looks like it; I could make nothing else of it;" which was followed by this other question: "He must have turned right into you then, and there is no other way unless it is done purposely," to which the answer was, "Well, I could not tell." At most, and leaving out of view the answer to the last interrogatory, it was but the expression of an opinion by the witness that the collision was intentional or willful, which was a fact to be determined by the jury and not by the witness, and did not, as an opinion, go to the other material fact, that it was or was not committed in the course of the employment of the driver, and to gratify some personal malice or to accomplish some purpose of his own. But as the opinion of the witness its whole effect was destroyed by the answer to the last question, that he could not tell whether the act was intentional or merely negligent. The

whole evidence of the witness only tended to show gross carelessness on the part of the driver of the ice cart, and that was the most that the witness intended by the answer to either question. When the defense is that the wrongful act was not within the general scope of the servant's employment, and so, not within the express or implied authorization of the master, it is for the court to pass upon the competency of evidence and for the jury to give effect to it. (*Seymour* v. *Greenwood, supra; Courtney* v. *Baker,* 60 N. Y., 1; *Jackson* v. *Second Ave. R. R. Co., supra; Rounds* v. *D., L. and W. R. R. Co., supra.*) It was error to take the question from the jury.

Stress is laid upon the original answer of the defendant, put in evidence for some unexplained and incomprehensible purpose by the plaintiff, and by which it is now urged the plaintiff is estopped. The admissions of the answer were not necessary to prove the relation between the defendant and the driver of the ice cart, and that the latter was in the service of the former, as that had been admitted upon the trial, and the further allegation that the servant " willfully, and not negligently nor carelessly, drove said ice cart against the carriage of the said plaintiff, and caused some injury thereto," is the statement relied upon when used by the plaintiff as estopping him from claiming that the act was one for which the defendant was responsible. Ordinarily, a party is not bound by the admission of his adversary, of which he gives evidence, but is at liberty to use it so far as it makes in his favor, and to disprove the residue — that is, he is not estopped by it. The fact that the admission is in a pleading does not change its character or create an estoppel. The answer admitted the injury, and it was for the jury, upon the evidence, to say whether the true cause was assigned by the answer. But the answer does not exclude all presumption of liability on the part of the master, and, therefore, did not preclude a recovery by the plaintiff. The act may have been " willful," and yet committed in the course of the employment, and within the authority of the defendant, and the con-

trary is not averred, as it should have been, in order fully to defend the action and exclude all presumption of liability. (*Shea* v. *Sixth Ave. R. Co.*, *supra ; Seymour* v. *Greenwood*, *supra ; Limpus* v. *London Genl. Omnibus Co.*, *supra ; Weed* v. *Panama R. Co.*, 17 N. Y., 362; *Sanford* v. *Eighth Ave. R. R. Co.*, 23 id., 343.) It is not made to appear by the answer that the servant committed the act wholly for a purpose of his own, disregarding the object for which he was employed, and not intending by the wrongful act to execute it. It is consistent with the answer that the act was done in the execution of the authority given him, and for the purpose of performing the directions of the defendant. There was clearly no estoppel, and there was evidence taken in connection with the answer, upon which the jury might have found that the act was a negligent, or even a reckless act, in the course of the employment of the servant, and one for which the defendant was responsible. The answer did not conclude the plaintiff, and the case was one for the jury.

The judgment must be reversed and a new trial granted. All concur.

Judgment reversed.