THOMAS MOLLOY, Respondent, *against* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

(Decided April 3d, 1882.)

Where upon the trial of an action the testimony of a party is wholly inconsistent with a written statement, previously made by him under oath out of court, a verdict in his favor, unsupported except by such discredited testimony, should not be permitted to stand.

A master is liable to third persons for the tortious act of his servant, where discretion or force is to be used by the servant in the employment, and the servant misjudges in discretion, or wantonly or recklessly uses an injurious excess of force, within the scope or course of his employment; but the master is not liable when the act is not only willful and intentional, but plainly outside the general limits of the servant's duty, and without the line of the business he was employed to do.

APPEAL from a judgment of this court entered on the verdict of a jury, and from an order denying a motion for a new trial.

In November, 1875, the plaintiff, then about thirteen years old, either attempted to board or succeeded in boarding a train moving over the defendant's railway, in Eleventh Avenue. On the trial, the plaintiff testified he had hold of the car rail, with one foot on the step and the other just leaving the ground, when defendant's brakeman kicked him in the chest, breaking his hold upon the rail, whereby he fell, and the car passed over his leg. The injury necessitated its amputation. The evidence on defendant's behalf was in material respects contradictory to the plaintiff's version. The jury rendered a verdict in plaintiff's favor for ten thousand dollars. From the judgment entered thereon, and an order denying a motion for a new trial on the minutes, the defendant appealed.

*Frank Loomis*, for appellant.

*Christopher Fine*, for respondent.

BEACH, J.—The principal legal contention of appellant's counsel is settled adversely to his argument by the decision of the Court of Appeals in *Hoffman* v. *The New York Central & Hudson River R. R. Co.* (87 N. Y. 25). The removal of trespassers is there held to be within the implied authority of defendant's servants, and an illegal removal while the train is in motion does not exonerate the defendant.

The plaintiff testified on the trial, that he was kicked by defendant's brakeman, while holding to the car rail, with one foot upon the step. In a sworn statement made by him out of court, which he stated was correct, he said he was running along by the forward end of the rear car, not trying to get on, and the brakeman standing on the top of the platform kicked him in the breast, and he fell under the car. He also adds, " I am sure I didn't have hold of the car, or try to get on."

It is impossible to reconcile these different stories. Each is made under oath, the one in July, 1880, the other in May, 1881. He directly contradicts himself in the relation of an occurrence where he was so prominent an actor, with the lame explanation of not having observed the above quoted

sentence. His testimony was therefore unworthy of credence, and the court could properly have instructed the jury to wholly disregard it. In *Boyd* v. *Colt* (20 How. Pr. 384), the plaintiff's testimony was opposed by the contents of his letter, produced by the defendant. The learned judge writing for the court said, " It appears to me that this letter, unexplained, was conclusive against the plaintiff, and that the jury were bound to disregard his oath when flatly contradicted by his own letter, written long before the action was commenced."

This plaintiff should be entitled to no consideration, when his oath at the trial is wholly inconsistent with his oath taken ten months before. The sole evidence of his having been kicked by the brakeman is his own. Opposed to it, the brakeman testified he never did so, and the disinterested witness Brooks, who happened to see the occurrence, swears that no man kicked him, but that he caught hold of the front rail of the last car, and then he saw him fall. If this rendition be true, the defendant was not liable. It needs the intervention of the brakeman's alleged act to impose liability upon the defendant. The jury must have so found, and their conclusion is unsupported save by the discredited testimony of the plaintiff. In such a case the verdict should not be permitted to stand (*Baxter* v. *McDonald* 5 Daly, 508).

Upon request of plaintiff's counsel, the learned judge charged the jury, " Even if the plaintiff was not in fact attempting or intending to get on defendants' car to ride, without paying fare, or at all, yet if the defendants' agent or servant in charge of the car, in the exercise of his judgment and observation, thought the plaintiff was attempting or intending to do so, the defendants will be responsible for the act of their servant in kicking or pushing the plaintiff, as claimed, while the car was in motion. The defendants are responsible for the mistaken judgment of their servant, while acting in the line of his duty."

The concluding paragraph of this request is unobjectionable, but the main proposition is unsound. Its only applicability to the facts of the case, arises from the plaintiff's written statement, wherein he in substance said that he was running

along side the car, when assaulted by the brakeman. The request further assumes the absence of any attempt or intention to board the train. In my opinion, the proposition involved is an advance beyond the limit of legal principle and adjudication. In *Hoffman* v. *The New York Central & Hudson River R. R. Co. (supra)*, and *Rounds* v. *Delaware, &c. R. R. Co.* (64 N. Y. 129), the person removed was in each case a tresspasser, and his removal by the defendant's servants an act within their implied authority. The liability of the master for the servant's tortious act, results from its doing in the former's business. Where discretion or force is to be used by the servant in the employment, its exercise is, in law, the master's act, and for the consequences he is liable to third persons, although the servant may have misjudged in discretion, or wantonly or recklessly used an injurious excess of force. But this discretion or force must be exercised by the servant in the scope or course of his employment, to render the master liable (Story on Agency, §§ 308, 452, 453). If the brakeman of the car, standing upon the platform, kicked the plaintiff, who was making no attempt to board the train, and thereby caused the injury, the defendant cannot be held liable, because the act was not only willful and intentional, but plainly outside the general limits of his duty, and without the line of business he was employed to do for the company (Story on Agency, § 450, and cases cited in note ; *Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543 ; *Isaacs* v. *Third Avenue, R. R. Co.*, 47 N. Y. 122 ; *Shea* v. *Sixth Avenue R. R. Co.*, 62 N. Y. 180 ; Moak's Underhill on Torts, 31, 32, 33). The proposition charged is not strengthened by stating that the servant in the exercise of his judgment and observation thought the plaintiff was attempting or intending to get on the car. The mistaken judgment for which the master is held liable must be exercised in the commission of an act within the employment, and not in relation to a trespass which may or may not be committed by a third person, who does not exhibit by his action either intent or effort to commit it. In so charging the jury, the learned justice presiding at the trial erred in my opinion, and the exception thereto was well taken.

The judgment and order should be reversed and a new trial ordered, with costs to abide the event.

J. F. Daly, J., concurred in the decision.

Judgment reversed and new trial ordered, with costs to abide event.