MONTGOMERY v. SARTIRANO et al.

(Supreme Court, Appellate Division, Second Department.   April 26, 1897.)

MASTER AND SERVANT—INJURY OF THIRD PERSON BY SERVANT.

Plaintiff was injured by falling down the stairs of defendant's premises. He claimed that he had been ordered out by defendant's porter, and that the porter pushed him as he was leaving, causing him to fall. The porter testified that plaintiff was drunk, and that, when ordered to leave, he called witness vile names, and finally started down the stairs, where he fell in consequence of his drunken condition. *Held*, that the jury might have found that the porter wantonly pushed plaintiff down the step because of his insulting language, and therefore it was error to refuse to charge that "defendants are not liable for the acts of their agent or servant not done within the scope of his authority, or in the course of his employment."

Appeal from trial term, Westchester county.

Action by George C. Montgomery against Angelino Sartirano and another for personal injuries.   From a judgment entered on a verdict in favor of plaintiff for $6,000, and from an order denying a motion for a new trial, defendants appeal.   Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edward B. Thomas, for appellants.
Gustave S. Drachman, for respondent.

CULLEN, J.   This action was brought to recover damages for personal injuries alleged to have been inflicted by the servant of the defendants upon the plaintiff.   The defendants kept a lodging house in the city of New York.   The plaintiff had stayed there one or two nights.   According to the plaintiff's story, he was sitting in the reading room, when the porter of the defendants directed him to leave the premises, with which direction he complied; that while going down the stairs the porter pushed him, causing him to fall, as the result of which his leg was broken.   The porter's story was that the plaintiff was drunk, sleeping first in the water-closet, and then in the reading room; that he did direct the plaintiff to leave; that the plaintiff responded by calling him vile names, but finally started down the stairs, where he fell and met the injuries, not from any act of the porter, but from his own intoxicated condition.   The cause was submitted to the jury, who found a verdict for the plaintiff, and from the judgment entered on that verdict this appeal is taken.

The case was clearly one for the jury, and the defendants' motion for a nonsuit was properly denied.   Though the porter may have exceeded his instructions, in the force employed by him against the plaintiff (assuming, as the jury have found, that the plaintiff's narration is true), still the defendants would be liable for such excess of force, if it was used in the discharge of the porter's duty to his master to maintain order and eject intruders from the premises.   Rounds v. Railroad Co., 64 N. Y. 129; Mott v. Ice Co., 73 N. Y. 543.   When the cause was submitted to the jury the defendants asked the court to charge "that the defendants are not liable for the acts of their agent or servant not done within the

scope of his authority or course of his employment." This request was refused, and the defendants excepted. This refusal was error, and the error was more important because the court, in the body of the charge, had substantially instructed the jury, that if the porter used excessive force against the plaintiff, the defendants were liable. The rule of law on the subject of defendants' liability is clearly established by the two cases cited. If the act of the servant is done in the master's business, and acting in the general scope of his authority, then the master is liable, even though the servant abuses his authority and violates the instruction of the master. If the act committed by the servant is a willful, wanton wrong, done not in the performance of his duty to his master, but outside of his master's business, the master is not liable. The porter testified that the plaintiff called him vile names, and also that he did not push the plaintiff. The jury might have found that the plaintiff did call the porter names, and yet disbelieved the porter when he said he did not push the plaintiff. In such case it would have been for the jury to say whether the pushing of the plaintiff was done, in the service of the master, to eject the plaintiff, or was the wholly wanton act of the porter, angered at the insult given him. Generally the questions of the motive and intent of the servant, and whether the act was done in the discharge of his employment, are of fact, for the jury, and cannot be withdrawn from them. We feel, therefore, constrained to reverse this judgment.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.