WILLIAM J. GIRVIN, an Infant, by FRANK E. WADE, his Guardian ad Litem, Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

NEGLIGENCE — WHETHER ASSAULT BY BRAKEMAN WAS WITHIN SCOPE OF HIS AUTHORITY, A QUESTION OF FACT. Where upon the trial of an action for negligence it appears that the plaintiff, who was engaged in stealing a ride upon one of defendant's freight trains, was pursued by a brakeman whose duty was upon the train, and jumping therefrom was immediately followed by the brakeman who struck him before he reached the ground and broke his leg and then kicked and struck him, the question whether the brakeman commenced the assault before leaving the car and so acted within the scope of his employment is for the jury.

*Girvin* v. *N. Y. C. & H. R. R. R. Co.*, 52 App. Div. 562, affirmed.

(Argued February 15, 1901; decided March 26, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered

June 15, 1900, which reversed a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and an order denying a motion for a new trial and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. H. Cowie* for appellant. The trial court was correct in holding that the acts of the brakeman were not within the scope of his employment, and that the defendant was not liable therefor. (*Mott* v. *C. Ice Co.*, 73 N. Y. 543; *Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129; *Cohen* v. *D. D., E. B. & B. R. R. Co.*, 69 N. Y. 170; *Mars* v. *D. & H. C. Co.*, 54 Hun, 625; *Smith* v. *N. Y. C. & H. R. R. R. Co.*, 78 Hun, 526; *Jackson* v. *S. Ave. R. R. Co.*, 47 N. Y. 274; *Lang* v. *N. Y., L. E. & W. R. R. Co.*, 80 Hun, 275; *Mali* v. *Lord*, 39 N. Y. 381; *Isaacs* v. *T. Ave. R. R. Co.*, 47 N. Y. 122; *Stewart* v. *B. & C. R. R. Co.*, 90 N. Y. 590.)

*William Nottingham* for respondent. In any view of the evidence the nonsuit was error. If the conduct complained of was in its inception within the scope of the employment, the master is not exempted from liability because the servant was led by passion or induced by the circumstances to exceed the bounds of his authority and inflict unjustifiable injury. (*Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129; *Lang* v. *N. Y., L. E. & W. R. R. Co.*, 51 Hun, 603; *Clark* v. *N. Y., L. E. & W. R. R. Co.*, 40 Hun, 605; 113 N. Y. 670; *Hoffman* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 25; *Higgins* v. *W. T. & R. R. Co.*, 46 N. Y. 23; *Mott* v. *C. Ice Co.*, 73 N. Y. 543; *McCann* v. *S. Ave. R. R. Co.*, 117 N. Y. 505; *Ansteth* v. *Buffalo Ry. Co.*, 145 N. Y. 210; *Cohen* v. *D. D., E. B. & B. R. R. Co.*, 69 N. Y. 170; *Lynch* v. *M. El. Ry. Co.*, 90 N. Y. 77.) It was the province of the jury to determine whether the act of the brakeman which resulted in the injury complained of was done in the course of his employment, and whether he improperly removed the plaintiff from

the train while it was in motion; also whether in so doing he inflicted unnecessary and unjustifiable injury. (*Hart* v. *H. R. B. Co.*, 80 N. Y. 622; *Justice* v. *Lang*, 52 N. Y. 323.)

Haight, J. This action was brought to recover damages for a personal injury alleged to have been caused by the negligence of the defendant.

The plaintiff was a boy fourteen years of age and, with other boys, was engaged in stealing a ride upon one of the defendant's freight trains. The evidence tends to show that he, with other boys, boarded the train while it was standing at the station in Solvay, and just as the train was starting he discovered a brakeman coming over a box car onto the flat car occupied by him. The brakeman holloaed at him and ran after him. The plaintiff tells us that he ran to the end of the car, jumped onto another flat car, ran across that and was going to jump onto a box car ahead, but, finding the brakeman had overtaken him and was about to grab him, he jumped from the train, and that as he jumped the brakeman also jumped from the car on top of him, striking him before he reached the ground, and broke his leg. He then tells us that the brakeman kicked him and raised him up and struck him in the face five or six times, and then left him and jumped back onto the train.

The rule of liability governing cases of this character is well stated in the case of *Mott* v. *Consumers' Ice Co.* (73 N. Y. 543). It is that "For the acts of a servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even willfully. * * * But if a servant goes outside of his employment, and without regard to his service, acting maliciously, or in order to effect some purpose of his own, wantonly commits a trespass, or causes damage to another, the master is not responsible."

The instant that the train started, the duty of the brakeman

was upon the train.   He, undoubtedly, acted within the scope
of his employment in driving the plaintiff and other boys
from the train.   If he left the train and committed an assault
upon the plaintiff thereafter he went outside of his employ-
ment, and he alone became liable for his malicious acts and
wanton trespass.   But in this case we are inclined to the
view that the jury might have found that the assault upon the
plaintiff commenced on the car before they had left the train.
It may be that the brakeman had not, at the time the boy
sprang from the car, actually seized hold of him, but the
brakeman was pursuing him as fast as he could run, in a
threatening manner, with his hands nearly upon him, so that
he came in physical contact with him before striking the
ground.   If the assault was commenced before leaving the
car, the brakeman was acting within the scope of his employ-
ment, and the defendant became liable for his acts.   We
think, therefore, that the question was for the jury and that
the nonsuit was properly reversed by the Appellate Division.

The order appealed from should be affirmed and judg-
ment absolute ordered for the plaintiff on the stipulation, with
costs.

PARKER, Ch. J., O'BRIEN, CULLEN and WERNER, JJ., con-
cur; LANDON, J., dissents; GRAY, J., not sitting.

Ordered accordingly.