### MAGAR v. HAMMOND et al.

(Supreme Court, Appellate Division, Second Department. June 10, 1904.)

1. INJURY TO TRESPASSER—CONTRIBUTORY NEGLIGENCE.

   The fact that a person shot while trespassing on a private park saw the statutory warning, knew that it was a private park, and that a watchman there carried a gun, but did not know that he was in the habit of shooting there, or that any similar precautions were taken to protect the property did not charge him with contributory negligence as a matter of law.

2. NEGLIGENCE—COMPLAINT—ELECTION.

   A complaint in an action for personal injuries, alleging that plaintiff was shot and wounded through the negligence and improper and unlawful conduct of defendants, was only for negligence, and a motion to require plaintiff to elect on which of two theories he would try his case was properly denied.

3. SAME—RIGHTS OF TRESPASSER.

   The owner of land owes no duty to a trespasser except that servants employed to protect the property and drive off intruders shall not treat him wantonly, maliciously, or inflict willful injury.

4. SAME—NEGLIGENCE OF SERVANT—LIABILITY OF MASTER.

   If a servant employed by a landowner to protect his property recklessly or wantonly injures a trespasser while engaged in the master's business, acting within the general scope of his employment and to further the master's interest, he is guilty of negligence for which the master is liable.

   Jenks, J., dissenting.

Appeal from Special Term, Orange County.

Action by Frank L. Magar against Stoddard Hammond and another. From a judgment for plaintiff and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Henry Bacon (John J. Beattie, on the brief), for appellants.
William Vanamee, for respondent.

HOOKER, J. From a judgment in favor of the plaintiff and against both of the defendants, after a third trial of the issues, and from an order denying their motion for a new trial, the defendants appeal. Upon the first trial the plaintiff had a verdict, and on appeal to this court the judgment entered thereon was unanimously affirmed. Magar v. Hammond, 54 App. Div. 532, 67 N. Y. Supp. 63. It was there held that in the record then presented there appeared evidence sufficient to support the verdict in favor of the plaintiff against both defendants. On appeal to the Court of Appeals the judgment was reversed, and a new trial ordered, for error committed in the instructions to the jury. Magar v. Hammond, 171 N. Y. 371, 64 N. E. 150, 59 L. R. A. 315.

The facts are so fully set forth in the opinions of this court and of the Court of Appeals as to render a restatement here unnecessary. Except upon the question of plaintiff's contributory negligence, the evidence was practically the same, and upon the question of defendants' negligence and the liability of the master for the act of his servant, Tompkins, we are content to reiterate what was said by this court on the former appeal. Reversing the judgment, the Court of Appeals held that the defendants had made a request for an instruction, which embodied the general rule that, where the negligence or misconduct of the injured party is a contributing cause of the injury, he cannot recover, even though negligence could be imputed to the defendants, and that the defendants were entitled to have the jury instructed that, if the plaintiff voluntarily exposed himself to a known danger, he could not recover; there being proof in the case, aside from the statutory notice of warning to intruders, that the plaintiff knew what other precautions the defendants had adopted for the protection of their property, including the use of firearms. The second trial resulted in a disagreement, and upon the third trial, the result of which is now under review, the plaintiff testified, and his evidence was corroborated by that of his companions, that at the time he went to the lake he did not know that the watchman carried a gun, or was in the habit of shooting there, or that any similar precautions to protect this property were being or had been employed by the owner of the lake. He admitted, it is true, that he saw the statutory warning to intruders, and that he knew this was a private park. We think, however, that this cannot be said to charge the plaintiff with contributory negligence as matter of law. The court submitted the question of the plaintiff's contributory negligence to the jury fairly and impartially, and with their finding on this question in plaintiff's favor we may not interfere.

The defendants lay some stress on the refusal of the court to compel the plaintiff to elect upon which of two theories he would try his case.

The only allegation in the complaint which characterizes the act of Tompkins in shooting, or the conduct of Hammond in employing Tompkins and authorizing the use of the gun, is this: "That the plaintiff was shot and wounded through the negligence and improper and unlawful conduct of the defendants, and said injury was in no way contributed to by the plaintiff." The learned trial court observed, in denying the motion, that "the complaint is double-barreled," to which defendants' counsel replied: "We challenge the remark of the court that the plaintiff's complaint is double-barreled. We claim it is only for negligence." In this view of the learned counsel for the appellants we are inclined to concur, as far as the allegations in this complaint are concerned. It is fair to say, from the decision of this court upon the former appeal and from the cases cited in the opinion then delivered, that to the plaintiff the defendant Hammond owed no duty except that in the discharge of their business in the master's service his agents, who were instructed to protect the property and drive off intruders, should not treat him wantonly, maliciously, or inflict willful injury. If the agent's act was improper and unlawful to the extent of being reckless or wanton, the master was liable for the negligence of his servant. In omitting to discharge this duty, which the defendant Hammond owed the trespasser, so long as the servant's acts were within the general scope of his employment while engaged in the master's business, and done with a view to the furtherance of that business and the master's interests, he was negligent. Mott v. Consumers' Ice Co., 73 N. Y. 543, 547. The court could not then have compelled the plaintiff to elect, for an election presupposes alternatives. The manner in which the case was presented to the jury was entirely in accord with the rule as it had been laid down in this case, and we think the defendants' interests have in no manner been prejudiced.

The judgment should be affirmed, with costs. All concur, except JENKS, J., dissenting.