## Case No. 6,886.

### HUNT v. COLBURN et al.

#### [1 Spr. 215.] 1

District Court, D. Massachusetts. Oct., 1853.

SEAMEN—WRONGFUL DISMISSAL IN FOREIGN PORT —MEASURE OF DAMAGES.

1. If, during a voyage for which a seaman has shipped, he is wrongfully left by the master in a foreign port, the owners are liable.

[Cited in Worth v. The Lioness No. 2, 3 Fed. 925.]

[See The America, Case No. 286.]

2. The measure of damages, is an indemnity for all that he has lost and suffered.

3. This indemnity may be either more or less than wages and expenses, up to the time of his own, or of the ship's return home. It may include the value of his clothing detained by the master.

4. The circumstances of his particular case will be examined, to ascertain what would be adequate compensation, for the violation of his contract by the master.

This was a libel in personam, promoted by John Hunt, second mate of the bark Trinity, against the master and owners, claiming damages for the wrongful dismissal of the libellant, by the master, at Galveston, Texas. There was also a claim for the value of his clothes, which the libellant was compelled to leave on board of the Trinity, and for wages.

C. G. Thomas, for libellant.
C. B. Goodrich, for respondent.

SPRAGUE, District Judge. The libellant, while ill, at Galveston, requested to be discharged from the bark, that he might go to the hospital. He was told by the captain, that he would discharge him, when the return cargo of cotton was stowed in the vessel. This service was performed under the superintendence of the libellant. Afterwards, as the vessel was casting off from the wharf, the libellant not having been discharged, stepped on shore, and refused to go on board, saying that he wished to

1 [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

consult a physician, and also to take counsel as to his legal rights. His clothes remained on board. Within twenty-four hours from this time, he procured a man to take him down to the bark, lying about ten miles distant. When he reached the vessel, the captain pointed a pistol at him, and threatened to shoot him, if he came on board. The libellant replied that he wanted his clothes, and also two dollars to pay the man for bringing him down to the bark. He offered to go on board, and work his passage to Boston. But the captain refusing, told him he would not have him come on board again; but if he wanted his clothes, to come down again in a pilot-boat for them. The captain sailed without the libellant, and detained his clothes. The libellant was detained at Galveston, by illness, and did not arrive at Boston, until seven months after the departure of the vessel.

Under these circumstances, the owners are liable for the wrongful discharge of the libellant, by the master, and also for the direct and necessary consequences resulting therefrom, one of which was the loss of the libellant's clothes,—see Hutchinson v. Coombs [Case No. 6,955],—though they were not converted by the master to his own use, but were left exposed, until they were destroyed. As to the measure of damages to which the libellant is entitled, for being wrongfully left at Galveston, the rule has sometimes been stated to be wages up to the return of the vessel, and expenses, deducting therefrom any wages earned by the party in the meantime; and, in other cases, that wages and expenses should be allowed up to the time of the libellant's return, he using due diligence, and deducting wages earned during that time. But there are cases in which neither of these rules will give the true measure of indemnity. And, consequently, the court will look at all the circumstances of the case, in fixing the amount of damages. In the present case, the libellant will be entitled to wages during the time he was necessarily absent, his expenses, including his passage home, and the value of his clothes. Decree accordingly, $235, and costs.

See Sheffield v. Page [Case No. 12,743].