### GABRIELSON *v.* WAYDELL.

*(Superior Court of New York City, Trial Term.    February, 1891.)*

1. ASSAULT ON SEAMAN BY CAPTAIN—LIABILITY OF VESSEL OWNER.
   The captain of a ship is the full representative of the vessel owners, and the latter are not exempt from liability for an assault by him on one of the crew on the ground that the two are fellow-servants.
2. SAME—WILLFUL ACT OF CAPTAIN.
   The fact that the assault was willfully and maliciously committed by the captain does not exempt the vessel owners, if it was done in the general course and scope of the captain's employment as such.

On motion to dismiss complaint.

Action by Charles G. Gabrielson against Frederick Waydell.    Plaintiff was a member of the crew on defendant's vessel, and brings this action for an assault committed on him by the captain.

*George C. Holt* and *George P. Gordel*, for plaintiff.    *N B. Hoxie*, for defendant.

FREEDMAN, J    This is an unusually important case, and, as such, I have taken great pains to come to a correct conclusion.    The main question in the case is whether the managing owners of a vessel can be held liable in damages for an assault committed by the captain, on the high seas, upon a member of the crew.

It is claimed, in the first place, that such an act is the act of the fellow-servant, for which the employer is not liable.    In this I cannot concur.    The captain of a ship, during a voyage, is in full control of the ship.    He is the supreme commander, and, from the necessities of the case, everything necessary to the preservation of the ship and the successful prosecution of the voyage is left to his discretion.    It is his duty to preserve and enforce discipline among the crew, and, if the emergency calls for it, he may inflict punishment, and even order a man to be put in irons.    He is therefore, from the very necessities of the case, the full representative of the owner,—the *alter ego*,—and not a mere fellow-servant.

In the second place, it is claimed that the assault in this case, which resulted in the fracture of plaintiff's leg, was a wanton, willful, and malicious act, and that therefore the defendants are not liable.    A careful review of the reported cases bearing upon this point, of which only a few can be referred to now, has led me to the following conclusions: Ever since the decision of *Mott* v. *Ice Co.*, 73 N. Y. 543, and the decision of *Hoffman* v. *Railroad Co.*, 87 N. Y. 25, it has been the settled law of this state that for the wanton and willful acts of a servant, done within the general scope of his employment, while engaged in his master's business, and with a view to the furtherance of that business and the master's interests, the latter is just as much responsible as for acts negligently done.    It is only when the servant, without regard to his service, or to accomplish some purpose of his own, acts maliciously, that the master is not liable.    The rule has never been relaxed, and in a certain class of cases has been made even more stringent, so that now a common carrier of passengers, as against a passenger, can no longer claim exemption from liability for the willful act of a servant on the ground that the servant acted maliciously.    *Stewart* v. *Railroad Co.*, 90 N. Y. 588, and *Dwinelle* v.

*Railroad Co.*, 120 N. Y. 117, 24 N. E. Rep. 319. The rule being as stated, I cannot see why an exception should be made in favor of the managing owner of a vessel, as against the willful and wanton acts of the captain, done within the general course and scope of his employment as such. The exception cannot be made upon principle; and I can find nothing in the maritime law, or the law of shipping, or any statute, which calls for it. It has been urged that the present action is without precedent, and that, if it were sustained, the ruling would be destructive to commerce, and encourage the institution of numerous suits with which the courts should not be burdened. A judge cannot permit himself to be influenced by such considerations, if the justice of a case requires that a precedent should be established, and if the precedent can be established upon principle, and without violation of any settled rule of law. In the present case justice does require that a precedent should be established, so far as this state is concerned; for outside of this state I have found a few cases in favor of the proposition that the action will lie. In *Spencer* v. *Kelley*, 32 Fed. Rep. 838, the court said that an owner of a vessel is liable to a seaman for injuries sustained by an assault by the captain, provided that, in the infliction of the injuries complained of, the captain was acting within the scope of his duty, and in the exercise of his control over the plaintiff. In *Hunt* v. *Colburn*, 1 Spr. 215, the owners were held liable to seamen for damages sustained by reason of their being left in a foreign port by the act of the master. See, also, *Croucher* v. *Oakman*, 3 Allen, 185, in which case the owners were made responsible for the tortious act of the master in shooting and wounding a mate, compelling him to remain on shore, and rendering him unable to earn his wages. In *McGuire* v. *Golden Gate*, McAll. 104, the owners of a vessel were held liable for the master's torts inflicted while in the avowed preservation of discipline. The true test always is, was the act complained of done by the captain within the general course and scope of his employment as such, and with a view to further the interests of his principal? Moreover, I do not believe that to sustain the present action will have the disastrous consequences to commerce that have been pictured. The result will simply call upon owners to inquire into the characters of their captains more fully than perhaps they do now, and will make owners more careful in the selection of their captains. As soon as the owners do this, the captains will learn of it, and will try to accommodate themselves to the new order of things. In this way humane feelings will be aroused, and dispositions to cruelty will be checked, and thus the interests of humanity will be greatly promoted. The owners are at liberty to arrange with the captains as to indemnity against this liability, and thus may protect themselves. So, if a captain is well known to be a man of well-balanced mind and even temper, the crew, on enlisting, may be found willing to exempt the owners from liability by a special provision in the shipping articles to that effect. But it is wholly unnecessary to consider consequences any further. Having been unable to find a valid reason for making an exception to a general rule of law which is very well settled, it is my duty to enforce the rule. The motion to dismiss the complaint must therefore be denied, and the case must be submitted to the jury upon the question whether the assault complained of was or was not committed by the captain within the general course and scope of his employment as such. But as the cause of action does not survive, the complaint must be dismissed against the defendants who represent estates, unless the plaintiff shows affirmatively that the respective shares now held by said estates were so held at the time at which plaintiff's cause of action accrued.