SELAH D. SEAMAN, Respondent, *v.* BERTHA KOEHLER, as Executrix, etc., Appellant.

In an action by a conductor of a street car to recover damages for injuries received from a collision with a truck, it appeared that the conductor, by means of signals to the driver, stopped the car to let off and take on passengers, but the record did not otherwise show that the driver was subject to the orders of the conductor or in any way under his control. The court charged that negligence on the part of the driver could not be imputed to the plaintiff. *Held,* no error; that this court will not take judicial notice of the relations between conductor and driver for the purpose of reversing a judgment.

Plaintiff proved that the firm in which K., defendant's testator was a partner, was engaged in the brewery business; that the truck had the firm name on it; that many trucks of the same kind were employed in its business; that the truck was loaded with ale barrels at the time of the accident, and was engaged in delivering ale from the brewery of the firm. *Held,* the evidence was sufficient to authorize a finding that the truck belonged to defendant's firm, and that the driver was in its employ when the accident happened.

(Submitted October 15, 1890; decided October 31, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 13, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This was an action to recover damages for personal injuries alleged to have been inflicted upon the plaintiff by a servant of the defendant's testator.

At the time of the accident plaintiff was a conductor of an open street car drawn by horses in the city of Brooklyn. A truck alleged to belong to Herman Koehler the defendant's testator was negligently driven by the driver in charge thereof against the plaintiff while he was standing upon the narrow platform running lengthwise of the car, engaged in collecting fares. Mr. Koehler died during the pendency of this appeal.

The following is the opinion in full :

" As the ownership of the truck was at issue, it was necessary for the plaintiff to make out a *prima facie* case in that regard, but the defendant contends that the evidence furnished was insufficient for that purpose.

" It was admitted that the defendant was a 'member of the firm of H. Koehler & Co., Twenty-ninth street and First avenue in the city of New York.' It was proved that the name on the truck in question was 'H. Koehler & Co., Twenty-ninth street and First avenue,' and that there were many trucks of the same kind employed in the brewery business of said firm as carried on at the location aforesaid. It also appeared that said truck was loaded with ale barrels at the time of the accident ; that it had left the brewery that morning in charge of the same driver at half-past nine and had made one delivery ; that it left again between twelve and one o'clock, and was engaged in the second delivery when the plaintiff was injured. These facts were denied by no one and they were sufficient, as we think, to authorize the jury to infer that the truck belonged to defendant's firm and that the driver thereof was in its employment when he negligently ran against the plaintiff. A *prima facie* case was thus made out for the consideration of the jury, and if the defendant's firm did not

in fact own the truck or employ the driver it was incumbent upon him to produce some evidence upon the subject.

"The trial judge charged the jury that negligence on the part of the driver of the street car could not be imputed to the plaintiff, the conductor thereof, and defendant excepted. The nature of the relation between the driver and the conductor was not shown, but it appeared that the latter, by the means of signals to the former, stopped the car to let off and take on passengers. The record does not otherwise disclose whether the driver was subject to the orders of the conductor or was in any way under his control, and the court will not take judicial notice of their relations for the purpose of reversing a judgment. There was not enough evidence to permit the jury to pass upon the question and no request was made for instructions to them upon the subject. Without intimating any opinion except upon the case as here presented, we think that under the circumstances the charge as made was free from error.

"After examining the various exceptions to which our attention has been called, we are of the opinion that the judgment should be affirmed."

*H. J. Kingsbury* for appellant.

*Charles J. Patterson* for respondent.

Vann J., reads for affirmance.

All concur, except Bradley, J., not voting and Brown, J., not sitting.

Judgment affirmed. _____