(18 App. Div. 333.)

### McCORMACK v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. June 15. 1897.)

IMPUTED NEGLIGENCE.

The fact that one who has been injured through the negligence of another is a fellow servant of a third party, whose negligence contributed to the injury, does not make such contributory negligence imputable to the injured party.

Motion for reargument denied. For prior report, see 44 N. Y. Supp. 684.

Reargued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

PER CURIAM. No question is presented on the argument of this motion that was not considered by the court in originally disposing of the appeal. It is unquestionable that the deceased and the driver of the ice wagon were fellow servants in the employ of the ice company. We did not discuss the proposition that the mere fact that the deceased and the driver were fellow servants of a common master made the negligence of the driver attributable to the deceased, for we did not understand that such a point was seriously raised. The proposition can rest on no sound principle, but it is useless to discuss it, for the contrary rule is settled by authority. Galvin v. Mayor, etc., 112 N. Y. 223, 19 N. E. 675; Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353. We may, however, say this: that as the concurring negligence of a co-servant is no bar to the action of a servant against a master for the latter's negligence (Cone v. Railroad Co., 81 N. Y. 206; Anthony v. Leeret, 105 N. Y. 591, 12 N. E. 561), we do not well see how it can have any greater effect to relieve a third party from liability from wrong.

The principle in this class of cases of imputed contributory negligence is that at times the negligence of the servant may bar the master's action, for the master is liable for the acts of his servant; but a servant is not liable for the acts of his master, nor for those of his fellow servant. He simply takes the risk of the latter. The evidence does not conclusively show that, in addition to their duty to the ice company, the driver and the deceased were engaged in a joint enterprise for the sale and delivery of ice on their own account. The testimony of the driver, construed literally and strictly, would make the deceased, in respect to this business, no more than his (the driver's) servant. The most favorable view that can be taken of the testimony is that it presented a question of fact for the jury to pass upon. This the defendant did not request. The motion should be denied, with $10 costs.