(25 App. Div. 111.)

## HOBSON v. NEW YORK CONDENSED-MILK CO.

(Supreme Court, Appellate Division, Second Department.   January 21, 1898.)

1. NEGLIGENCE—COLLISION WITH TRUCK.
   In an action brought by a conductor of a horse car against the owner of a truck, to recover damages for injuries caused by a collision, the concurring negligence of the driver of the car, who alone had charge of stopping and starting the horses to avoid collisions, is not imputable to the conductor.

2. MOTION FOR NONSUIT—WAIVER.
   Although a defendant, at the close of plaintiff's evidence, moves for a nonsuit, his failure to renew the motion, or ask for the direction of a verdict at the close of the entire evidence, constitutes an admission that there is sufficient evidence to carry the case to the jury.

Appeal from trial term.

Action by John Hobson against the New York Condensed-Milk Company.   Judgment for plaintiff, and from an order denying a new trial defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John A. Straley, for appellant.

Nathan Ottinger (Henry L. Scheuerman, on brief), for respondent.

GOODRICH, P. J.   This action was brought by the plaintiff, a conductor of a horse car, against the defendant, owner of a truck, to recover damages resulting from a dislocated shoulder and other injuries.   The plaintiff, on December 25, 1896, was standing inside of his car, collecting fares, when, by reason of the car having collided with said truck, he was thrown down and received the injuries in question.   The defendant denied that its driver was negligent, and alleged that the collision resulted solely from the negligence of the driver of the car.   The plaintiff recovered a verdict.

The railroad had two tracks through 110th street, New York City, and at the time of the accident its car was going westerly on the north track.   At Fourth, or Park avenue, there was a tunnel under the tracks of the New York Central Railroad, and the car and truck were going through the tunnel in opposite directions.   The truck was large and heavily loaded, and two other trucks belonging to the defendant were ahead of the colliding truck.   There is some question as to the precise spot where the accident happened, whether inside or outside of the tunnel, but this does not seem to be of material importance.   There was evidence tending to show that the defendant's three trucks, before the accident, were on the west-bound track; that the two forward ones had turned out in good season, and passed clear of the car, but that the last truck was attempting to pass the car on the east-bound track; that the horses and front wheels were on that track, but the hind wheels had not gone clear of the line of the car, so that they were caught by the forward corner of the car, and caused the shock by which the plaintiff was thrown down and injured; that the car had a good head-light, easily seen, and was going at a moderate rate of speed; that the forward trucks were considerably wider than the one which was

struck by the car; and that there was plenty of room for the truck to pass, if it had followed directly behind the forward trucks. There was evidence on the part of the defendant tending to show that the car was proceeding at an immoderate speed; that the truck was going at ordinary speed; that the car driver was able to see the truck, but did not look to see whether or not he could clear it; that there was not sufficient space on the right side of the street for the truck to have gotten out of the way, as there was snow piled up on the side of the track; that the driver had turned off the north track onto the south, and had gone some distance, when his wagon was struck by the car; and that it was the negligence of the car driver in failing to stop his car that caused the collision.

The court charged that, if it was the fault of the car driver, the plaintiff could not recover; that the car had, to a certain limited extent, a right of way; that it was the duty of the defendant's truck to get far enough out of the way to enable the car to pass in safety; that if it was necessary for the truck to swing over to the north track on account of the snow, and it did so, and the driver used diligence to get out of the way of the car, and was not guilty of fault, and if there was plenty of space on the right side of his truck, and he negligently failed to use it, and left his hind wheel so near the car that it struck, he was guilty of negligence; and that, if the drivers of car and truck were both guilty of negligence causing the accident, the plaintiff could recover, because the car driver's negligence was not imputable to the plaintiff, but, if the car driver's negligence alone caused the injury, the plaintiff could not recover.

Here was a clear submission to the jury of the questions of fact raised by the contradictory evidence, and the verdict has established that the defendant's driver was guilty of negligence, and that the car driver was not solely negligent, leaving not necessarily decided the question whether the negligence of both contributed to the injury. Nor was it necessary to decide the latter question. The negligence of the car driver was not imputable to the plaintiff. It is true that they were both employés of the railroad company, but the evidence shows that the plaintiff's duties as conductor did not extend to the management of the horses, nor to the stopping of the car, under the circumstances involving the collision; that the driver was the "pilot of the car," and that he alone had charge of stopping and starting the horses to avoid collisions. Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353, was an action by a street-car conductor to recover damages for injuries received from a collision with a truck owned by the defendant; and it appeared that it was the duty of the conductor, by means of signals to the driver, to stop and start the car to let off and take on passengers, but the record did not otherwise show that the driver was subject to the orders of the conductor, or in any way under his control; and the trial judge charged that the negligence on the part of the driver could not be imputed to the plaintiff. The court of appeals held that this was not error. This case was cited and followed by this court in the decision of a motion for a reargument in McCormack v. Railroad Co., 16 App. Div. 333, 46 N. Y. Supp. 230, where the court said:

"We do not discuss the proposition that the mere fact that the deceased and the driver were fellow servants of a common master made the negligence of the driver attributable to the deceased, for we did not understand that such a point was seriously raised. The proposition can rest on no sound principle, but it is useless to discuss it, for the contrary is settled by authority."

In Bailey v. Jourdan, 18 App. Div. 387, 46 N. Y. Supp. 399, the plaintiff's decedent, a policeman in the service of the city, was inside of a police patrol wagon, which was being driven by another policeman, when it came into collision with a train of steam cars, and the court held that, although in one sense the two policemen were engaged in a common enterprise, yet, as the deceased had nothing to do with the management of the wagon and driving, and had no control over or responsibility for the method of driving, the negligence of the driver could not be imputed to him. It is also to be observed that although the defendant, at the close of the plaintiff's evidence, moved for a nonsuit, it did not make any such motion, or ask the direction of a verdict, at the close of the entire evidence; and this justifies the contention that there was sufficient evidence of negligence to carry the case to the jury. Eckensberger v. Amend, 10 Misc. Rep. 145, 30 N. Y. Supp. 915; Scott v. Yeandle, 20 Misc. Rep. 89, 45 N. Y. Supp. 87. The principle was also recognized in Barrett v. Railroad Co., 45 N. Y. 628, 631; and by this department in Jones v. Railway Co., 18 App. Div. 267, 46 N. Y. Supp. 321.

I do not think that there is merit in the contention that the court erred in charging that the jury had the right to consider permanent and progressive injury, to which the defendant excepted on the ground that there was no evidence of any permanent injury. The premise on which this exception was founded is not sustained, as there was evidence that there was a lacerated nerve sustained by the plaintiff at the time of the accident, that that is progressive in its nature, and that the loss of the motion of the arm was permanent. An examination of the other exceptions of the defendant discloses no errors prejudicial to it.

The judgment is affirmed. All concur.