### DIEL v. HENRY ZELTNER BREWING CO.

(Supreme Court, Appellate Division, Second Department. May 24, 1898.)

NEGLIGENCE OF EMPLOYE—QUESTION FOR JURY.

    In an action brought to recover damages for personal injuries due to the alleged negligence of the defendant, the controversy turned upon the sufficiency of the evidence to connect the defendant, a brewing company, with the persons in control of a certain wagon bearing the name of the company. The defendant's brewery was situated in New York, while the building in front of which the accident occurred, and which bore the sign, "Depot and Bottling Department of the Henry Zeltner Brewing Company," was at Mt. Vernon. One Hobby testified that he carried on business there, buying from defendant and other brewers, and selling to his own customers, and that: "I run my business myself. The wagons that are used in the conduct of that business are run by the Henry Zeltner Brewing Company." Hobby also used the defendant's pass books and bill heads, with the addition, "William Hobby, Agent and Bottler." *Held*, that there was sufficient evidence to justify the submission to the jury of the question whether the persons in charge of the wagon were employés of the defendant.

Appeal from trial term.

Action by Wendel Diel against the Henry Zeltner Brewing Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John R. Halsey, for appellant.

Isaac N. Mills, for respondent.

CULLEN, J. The action is to recover damages for personal injuries claimed to have occurred through the negligence of the defendant. The plaintiff's statement is that while passing along the street at night, in front of the defendant's premises, he tripped and fell across some skids lying on the sidewalk; that a beer wagon stood in the carriage way adjacent to the sidewalk at the point where the skids lay, on which wagon was the name of the defendant; that immediately after his fall the men on the wagon picked up the skids, and placed them on the wagon. The defendant denied the occurrence of the accident, and also that the persons in control of the wagon were its servants. But one question is seriously argued on this appeal; that is, the sufficiency of the evidence to connect the defendant with the persons in control of the brewer's wagon. Counsel for the appellant concedes that, in the absence of explanation, the presence of the name of the defendant on the vehicle was prima facie evidence that it was owned by it, and in its service. Norris v. Kohler, 41 N. Y. 42; Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353. But he claims that the undisputed evidence on the trial rebutted this inference. The defendant's brewery was situate in the city of New York. In the city of Mt. Ver-

non, at the place where the accident occurred, there was a building bearing the sign, "Depot and Bottling Department of the Henry Zeltner Brewing Company." From this place, beer, both bottled and in kegs, was sold and delivered. For the defendant a witness (Hobby) was called, who testified that he carried on business there on his own account; buying from the defendant and other brewers, and selling to his own customers. The defendant, by its own wagons, delivered beer to Hobby daily, or nearly every day. Hobby then delivered the beer, by other wagons, to his own customers. The wagons and teams which Hobby used for delivering the beer to his customers were the defendant's property; the wagons bearing the defendant's name. It appears also that he used the defendant's pass books and bill heads; all the bills being made out in its name, with the addition of "William Hobby, Agent and Bottler." The appellant is right in its contention that neither the ownership of the wagons, nor the privilege given Hobby to use its name in dealing with his customers, rendered it liable for an injury to a third party with whom it had no contractual relations. But there is evidence in the case which tends to show that the management of the wagon was in the defendant. Hobby testified:

"The Henry Zeltner Brewing Company had no control over the conduct of my business at that place. I run it myself. The wagons that are used in the conduct of that business are run by the Henry Zeltner Brewing Company, and William A. Miles & Co., and the Pabst Brewing Company. They are simply loaned to me to use to carry on that business. The horses are fed by me, and the drivers are paid by me." And again, speaking of the defendant: "They allow me to use their wagons, and wagons and horses. They supply me with them. They have to do all that business, and it is all included in the price paid by me."

I think the natural interpretation of the expression that the wagons are "run" is that they were operated, controlled, and managed by the defendant. This construction is emphasized by the distinction the witness himself draws. He says, referring to the business, "I run it myself." No officer of the defendant was produced to show what the exact relation between it and Hobby was; and while the character of the bill heads and pass books which the defendant permitted Hobby to use would not estop it from denying Hobby's agency, as against persons not dealing with him on the strength of his apparent authority, still it was some evidence of the actual relation between the parties. Considering both the way in which the business was carried on, and the testimony of Hobby, already quoted, we are of opinion there was sufficient evidence to justify the trial court in submitting to the jury the question of whether the persons in charge of the wagon were the employés of the defendant.

The judgment and order appealed from should be affirmed, with costs. All concur.