### ISENMAN v. MILES et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

HIGHWAYS—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

    Plaintiff was injured by a collision between a handcart he was pushing and a truck. Two disinterested witnesses testified that the truck bore defendant's name and address. Shortly after the accident, two men informed defendant's secretary that an accident had occurred. These men were not called as witnesses. The secretary testified that only four truck drivers were employed by defendant on the day of the accident, and each driver denied having been in any accident on that day. *Held*, that the evidence was sufficient to go to the jury on the question of defendant's ownership of the truck, and to sustain a verdict to that effect.

Appeal from trial term, New York county.

Action by Harry Isenman against William A. Miles & Co. From a judgment entered on a verdict for plaintiff, and from an order deny-

ing a new trial, defendants appeal. Transferred from First to Second department. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George W. Schurman, for appellants.

Jacob Manheim, for respondent.

WILLARD BARTLETT, J. The plaintiff recovered a verdict of $500 for personal injuries sustained by him in consequence of a collision on Allen street, in the borough of Manhattan, between a double truck carrying ale barrels and a handcart which the plaintiff was pushing along the street. It was alleged that the truck belonged to the defendant corporation, and was in the control of its employés. The evidence at the trial was ample to charge the driver of the truck with negligence. The plaintiff appears to have been wholly free from contributory negligence, and the principal question presented by this appeal is whether the proof sufficed to establish the defendant's liability for the conduct of the person or persons in control of the truck at the time of the accident. Two apparently disinterested witnesses, who saw the collision, testified that the truck bore a sign reading thus: "Croton Brewery. W. A. Miles & Co. 55, 57 and 59 Chrystie Street." This is the location of the brewery of the defendant. On the day of the accident, according to the testimony of the defendant's secretary, at about 12 o'clock, two men came into the brewery, and said that there had been an accident around the corner in Allen street. The witness said he took the names of these men, but his memorandum was mislaid, and he did not try to subpœna them for the trial, or find out who they were. He immediately took measures, however, to ascertain whether it was one of the defendant's trucks which was concerned in the collision, and as a result of his investigation was able to say that only four truck drivers, whom he named, were in the employ of the corporation on that day. These drivers were all called as witnesses in behalf of the defendant, and each denied that any such accident had happened in the course of his truck's travels on the day in question. It appeared, however, that the defendant at the time owned altogether from five to eight trucks, all bearing the same distinctive sign. In Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353, the defendant was the member of a firm of brewers known as H. Koehler & Co., in business at Twenty-Ninth street and First avenue, in the city of New York. The inscription on the truck by which the plaintiff was injured was "H. Koehler and Co. Twenty-Ninth St. and First Avenue." Many trucks of the same kind were employed in the firm's brewery business. The truck was loaded with ale barrels at the time of the accident, having left the brewery, and being engaged in making the second delivery for the day, when the plaintiff was hurt. "These facts," say the court of appeals, "were denied by no one, and they were sufficient, as we think, to authorize the jury to infer that the truck belonged to defendant's firm, and that the driver thereof was in its employment when he negligently ran against the plaintiff. A prima facie case was thus made out for the consideration of the jury, and, if the de-

fendant's firm did not in fact own the truck or employ the driver, it was incumbent upon him to produce some evidence upon the subject." While the evidence in the present case was not so strong or convincing as it was in the case cited to establish the defendant's ownership and control of the truck which injured the plaintiff, still we think it was sufficient to take the question of such ownership and control to the jury. It is true that no witness was able to testify to having seen the particular truck leave the brewery to deliver beer to the defendant's customers, and it is also true that there was testimony for the defendant tending to show that no one of its trucks could have been present at the scene of the accident. In these respects the case at bar differs from Seaman v. Koehler, supra. On the other hand, we have a group of facts which might well convince a jury that it could have been none other than the defendant's truck which knocked down and injured the plaintiff. Although the truck drivers who testified all denied any knowledge of an accident, and denied having been in Allen street at the time when the plaintiff was hurt, it is plain from their testimony that several of the defendant's trucks may have been in that neighborhood at that time. These drivers were all interested to shield themselves from responsibility for the plaintiff's injuries, and, as only one truck was concerned in the collision, three of them must have told the truth. The jury may well have thought, however, that there was one witness among them unworthy of credit, in view of the disinterested character of the witnesses who saw the defendant's sign upon the truck, and in view of the extremely significant circumstance that immediately after the time of the accident, as fixed by the plaintiff, two men called at the defendant's brewery, and informed the secretary of the brewery corporation that "there had been an accident around the corner in Allen street." It is difficult to conjecture why these men should so speedily have conveyed this information to the defendant's brewery, unless they were tolerably well satisfied from what they had seen that one of the defendant's trucks was concerned in the collision; and it is to be noted that the defendant does not appear to have made any effort to procure the attendance of these informants as witnesses, although the secretary took down their names on a memorandum, which he said he had mislaid. The evidence as to the manner in which the collision occurred did not require the jury to find, as is contended in behalf of the appellant, that the driver of the truck was acting outside the scope of his employment at the time of the accident, and willfully ran down the plaintiff. It merely brought into the case an issue of fact which the jury were at liberty to determine either way. See Mott v. Ice Co., 73 N. Y. 543.

In denying the defendant's motion for a new trial, the learned judge in the court below said: "My own notion is that the preponderance of evidence is with the defendant, but the jury seem to have thought otherwise." I understand this to mean merely that, if sitting as a juror, he would have found in favor of the defendant, but not that the verdict for the plaintiff was opposed to the clear weight of evidence; for, if such had been his opinion, he certainly would have given the defendant a new trial. At all events, I am satisfied that

the verdict is sufficiently sustained by the proof, and that we ought to uphold the judgment.

Judgment and order affirmed, with costs.  All concur.