HARRY ISENMAN, Respondent, *v.* WILLIAM A. MILES & Co., Appellant.

*Negligence — collision with a truck bearing the defendant's name — evidence of its ownership.*

In an action brought against William A. Miles & Co. to recover damages for personal injuries sustained by the plaintiff in a collision on a city street with a truck, alleged to belong to the defendant and to have been controlled by its employees, two apparently disinterested witnesses testified that the truck which was concerned in the collision bore the sign: " Croton Brewery, W. A. Miles & Co., 55, 57 and 59 Chrystie street," the location of the defendant's brewery; and the defendant's secretary testified that, on the day of the accident, two men, of whose names he made a memorandum, came into the brewery and notified him of the occurrence of an accident on the street in question.

The four drivers, who the secretary testified were the only ones employed by the defendant on the day of the accident, each denied the occurrence of the accident. It appeared, however, that the defendant at the time owned from five to eight trucks, all bearing the same distinctive sign, and the evidence was conflicting upon the question whether any of the defendant's trucks were in the neighborhood of the street on which the accident occurred at the time of the accident. The defendant made no effort to procure the attendance, as witnesses, of the men who informed the defendant's secretary of the occurrence of the accident, the secretary testifying that he had mislaid the memorandum of their names.

*Held*, that, upon the evidence, the question of the defendant's ownership and control of the truck which injured the plaintiff was for the jury.

APPEAL by the defendant, William A. Miles & Co., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of July, 1898, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 29th day of June, 1898,

denying the defendant's motion for a new trial made upon the minutes.

This appeal was transferred from the first department to the second department.

*George W. Schurman,* for the appellant.

*Jacob Manheim,* for the respondent.

WILLARD BARTLETT, J.:

The plaintiff recovered a verdict of $500 for personal injuries sustained by him in consequence of a collision on Allen street, in the borough of Manhattan, between a double truck carrying ale barrels, and a hand cart which the plaintiff was pushing along the street. It was alleged that the truck belonged to the defendant corporation and was in the control of its employees. The evidence at the trial was ample to charge the driver of the truck with negligence; the plaintiff appears to have been wholly free from contributory negligence; and the principal question presented by this appeal is whether the proof sufficed to establish the defendant's liability for the conduct of the person or persons in control of the truck at the time of the accident.

Two apparently disinterested witnesses who saw the collision testified that the truck bore a sign reading thus: "Croton Brewery, W. A. Miles & Co., 55, 57 and 59 Chrystie street." This is the location of the brewery of the defendant. On the day of the accident, according to the testimony of the defendant's secretary, at about twelve o'clock, two men came into the brewery and said that there had been an accident around the corner in Allen street. The witness says he took the names of these men, but his memorandum was mislaid and he did not try to subpœna them for the trial or find out who they were. He immediately took measures, however, to ascertain whether it was one of the defendant's trucks which was concerned in the collision, and as a result of his investigation was able to say that only four truck drivers, whom he named, were in the employ of the corporation on that day. These drivers were all called as witnesses in behalf of the defendant, and each denied that any such accident had happened in the course of his truck's travels on the day in question. It appeared, however, that

the defendant at the time owned, altogether, from five to eight trucks, all bearing the same distinctive sign.

In *Seaman* v. *Koehler* (122 N. Y. 646) the defendant was the member of a firm of brewers known as H. Koehler & Co., in business at Twenty-ninth street and First avenue in the city of New York. The inscription on the truck by which the plaintiff was injured was " H. Koehler & Co., Twenty-ninth street and First Avenue." Many trucks of the same kind were employed in the firm's brewery business. The truck was loaded with ale barrels at the time of the accident, having left the brewery and being engaged in making the second delivery for the day when the plaintiff was hurt. " These facts," say the Court of Appeals, " were denied by no one, and they were sufficient, as we think, to authorize the jury to infer that the truck belonged to defendant's firm, and that the driver thereof was in its employment when he negligently ran against the plaintiff. A *prima facie* case was thus made out for the consideration of the jury, and if the defendant's firm did not in fact own the truck or employ the driver, it was incumbent upon him to produce some evidence upon the subject."

While the evidence in the present case was not so strong or convincing as it was in the case cited, to establish the defendant's ownership and control of the truck which injured the plaintiff, still we think it was sufficient to take the question of such ownership and control to the jury. It is true that no witness was able to testify to having seen the particular truck leave the brewery to deliver beer to the defendant's customers, and it is also true that there was testimony for the defendant tending to show that no one of its trucks could have been present at the scene of the accident. In these respects the case at bar differs from *Seaman* v. *Koehler* (*supra*). On the other hand, we have a group of facts which might well convince a jury that it could have been none other than the defendant's truck which knocked down and injured the plaintiff. Although the truck drivers who testified all denied any knowledge of an accident, and denied having been in Allen street at the time when the plaintiff was hurt, it is plain from their testimony that several of the defendant's trucks may have been in that neighborhood at that time. These drivers were all interested to shield themselves from responsibility for the plaintiff's injuries, and as only one truck was

concerned in the collision, three of them must have told the truth. The jury may well have thought, however, that there was one witness among them unworthy of credit, in view of the disinterested character of the witnesses who saw the defendant's sign upon the truck, and in view of the extremely significant circumstance that immediately after the time of the accident, as fixed by the plaintiff, two men called at the defendant's brewery and informed the secretary of the brewery corporation that "there had been an accident around the corner in Allen street." It is difficult to conjecture why these men should so speedily have conveyed this information to the defendant's brewery, unless they were tolerably well satisfied, from what they had seen, that one of the defendant's trucks was concerned in the collision, and it is to be noted that the defendant does not appear to have made any effort to procure the attendance of these informants as witnesses, although the secretary took down their names on a memorandum which he said he had mislaid.

The evidence as to the manner in which the collision occurred did not require the jury to find, as is contended in behalf of the appellant, that the driver of the truck was acting outside the scope of his employment at the time of the accident, and willfully ran down the plaintiff. It merely brought into the case an issue of fact which the jury were at liberty to determine either way. (See *Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543.)

In denying the defendant's motion for a new trial the learned judge in the court below said: ".My own notion is that the preponderance of evidence is with the defendant, but the jury seem to have thought otherwise." I understand this to mean merely that, if sitting as a juror, he would have found in favor of the defendant; but not that the verdict for the plaintiff was opposed to the clear weight of evidence, for, if such had been his opinion, he certainly would have given the defendant a new trial. At all events I am satisfied that the verdict is sufficiently sustained by the proof, and that we ought to uphold the judgment.

Judgment and order unanimously affirmed, with costs.