(28 Misc. Rep. 721.)

### READE v. CONTINENTAL TRUST CO. et al.

(Supreme Court, Special Term, New York County. August, 1899.)

1. TRUSTS—CONSTRUCTION.
   A husband conveyed property to trustees, with power to sell and convey, to invest and reinvest, and to pay the net income, and on written request a certain sum from the principal, each year, to the husband, except in the event he should willfully desert his wife, in which case one-half the income and payments made from the principal were to be paid to her. *Held*, that the confinement of the husband in an asylum at the instance of his wife, and the fact that he did not live with her after his discharge, owing to her refusal, did not constitute willful desertion, within the meaning of the trust.

2. SAME—POWERS OF TRUSTEES.
   One of the declared purposes of the trust being to pay to the husband, on his written request, a certain sum yearly from the property, the trustees had power, under the power of sale given, to sell property for that purpose.

3. SAME—ACTION TO CONTINUE AND ENFORCE TRUST—JURISDICTION OF EQUITY.
   The husband and another having been made the trustees, and the co-trustee having refused, on account of the wife's objections, to pay to the husband, as beneficiary, on his request, the sum provided by the trust in-

strument, the husband was entitled to maintain a suit in equity to construe and enforce the trust.

Action in equity by Robert L. Reade against the Continental Trust Company and Robert L. Reade, trustees, and Martha A. Reade, for the construction of a trust agreement.

Rosendale & Dodd, for plaintiff.
M. Cleiland Milnor, for defendant Martha A. Reade.
Jay & Candler, for defendant Continental Trust Co.

RUSSELL, J.    The controversy here rests between the husband, plaintiff, and the wife, defendant, as the trustee, the Continental Trust Company, interposes no objection to the relief asked for in the complaint, except as it very properly requests the court to determine its duty, that it may act understandingly in the performance of the trust agreement.

On the 20th day of January, 1896, the plaintiff and the defendant Martha A. Reade were married; and on 3d day of October in the same year the trust agreement was executed by the plaintiff to himself and Asa Bird Gardiner, Mrs. Reade not being a party. Presumptively it was prompted by the consciousness of the plaintiff that he was not then fully competent to independently manage his own affairs, and by the probable insistence of the wife.    Later Gardiner resigned his trust, and the Continental Trust Company was appointed in his place.    By that agreement the plaintiff conveyed and transferred to the trustees a considerable amount of real and personal property, the gross value of which does not appear, to be held in trust to collect the principal sums due on the choses in action, receive the rents and income of the real and personal property, and, after the payment of taxes, necessary charges, and commissions, pay the net income to the plaintiff as long as he lived, and out of the principal, upon his written request, a sum not to exceed $3,000 each year, unless the plaintiff should willfully desert his wife, in which event the trustee Gardiner, or his successor, should pay to the plaintiff one-half of the net income, and one-half to Mrs. Reade, and, upon the plaintiff's written request, $1,500 to himself and $1,500 to Mrs. Reade out of the principal during the period of willful desertion, with the usual authority to the trustees to sell, convey and lease, invest and reinvest.    Upon the death of the plaintiff during the life of Mrs. Reade, the trustee Gardiner should transfer the whole property to Mrs. Reade; but, in case of her death before that of her husband, the said trustee should immediately transfer the property to the plaintiff.    On the 16th of February, 1897, by the advice of Mrs. Reade, the plaintiff went to a sanitarium.    On the 13th of April, 1897, an application was made to send the plaintiff to the Bloomingdale Asylum, where he was admitted April 16, 1897, and thereafter a commission was issued to Mrs. Reade as committee of the person and estate of the plaintiff. On the 3d day of November, 1897, the plaintiff was discharged from the asylum, and immediately on the 4th of November he wrote an affectionate letter to his wife, thanking her for sending him to

the asylum, expressing the belief of a permanent cure, and wishing to begin their married life anew. The wife declined to answer this letter, or one of a similar tenor written on the 15th of December, 1898, and persistently refused to receive her husband or live with him. Her counsel on this trial seeks to mitigate the force of this refusal by the criticism on the neglect to indicate some place where they could live together aside from her own house in the city of New York. But that house was originally given to her by the plaintiff, for which he paid the sum of $5,000, over and above the amount of the mortgage; and it was furnished at the expense of $15,000 by him, which furniture, on the 5th of September, 1896, less than eight months after their marriage, he gave to her for the consideration of love and affection.

The plaintiff has served two written requests upon his co-trustee for the $3,000 payment out of the principal fund, which have not been complied with. Doubtless; but for the intervention of the wife and her claim, a sale would have been made of sufficient of the realty, or collection of the personalty, to satisfy these requests. The co-trustee Gardiner during his tenure, and the Continental Trust Company since, require the settlement of the differences between the husband and the wife before incurring the responsibility resulting from the payment of $3,000 a year to the plaintiff.

The claim of the wife is that the willful desertion contemplated by the trust agreement has actually occurred, and that she has such a beneficial interest that she may require one-half of it whenever the plaintiff requests the payment of the sum of $3,000 per year, and that, having the right of survivorship to the whole trust fund, it should not be wrongfully depleted. The willful desertion, as charged by her, consists in the plaintiff going to the retreat under her advice, his being confined in the Bloomingdale Asylum as a lunatic at her instance, and the inability to live with her in her house since he emerged from that place, on account of her distinct refusal. While it is very true that marriage devolved upon him the duty of furnishing the necessaries of life to sustain the wife in the physical comforts essential to her station, and also to treat her with respect and tenderness, a corresponding duty comes to the wife herself to care for that husband in sickness and in health, in the companionship of a life lived together and not asunder; to assist him with her help in the conduct of a progressive life, thus confirming, if the occasion requires, resolutions to that end on his part, unless the companionship is such that no self-respecting woman can live in the daily observance of its duties. There is no evidence in this case whatever to justify the conclusion that the wife could not properly live with her husband since his return from the asylum.

But the defendant wife also asserts that trustees to whom is conveyed the title, with also an express power to sell and collect, have no power to sell except for the purpose of reinvestment, because the agreement needlessly gives them power to reinvest, although one of the very primary objects of the agreement, and of the power to convey and convert into money, is to pay $3,000 per year out of

the principal upon written request. This would make a mere incident, necessary for the preservation of the trust fund as an income-producing investment, destructive of the very object of the creation of the trust.

The objection that this equitable action will not lie, and the claim that the plaintiff has an action at law against Gardiner and one against the Continental Trust Company, are not well founded. Reade is both trustee and truster. It would be an anomaly to allow him as trustee to recover from his co-trustee a sum of money for the nonexecution of the trust, under the circumstances of this case. The very difficulty in the execution of the agreement arises from the persistent claim of the defendant, who makes this objection, that she is entitled to one-half of $3,000 per year, and more than the balance of two years on account of the necessaries paid for by her. No court of law would require an independent trustee to act without the ascertainment of the facts by the judgment of a court establishing the rights of the disputants. And the plaintiff has the right to come into a court of equity to ask something beyond any doubtful personal claim against the trustee, and require the enforcement of the agreement, under which the trustee should sell, convey, and collect in order to comply with the written request of the beneficiary for a partial return of the equivalent of his own property, in strict pursuance of the agreement by which that property was transferred. Even where an action at law might be maintained upon a trust, courts of equity have concurrent jurisdiction. Insurance Co. v. Roulet (Court of Errors) 24 Wend. 505. The performance of a general power in trust may be compelled in equity. Arnold v. Gilbert (Sup. Ct.; Gen. Term, 1849) 5 Barb. 190; Anderson v. Mather, 44 N. Y. 249.

Nor does the fact that Gardiner has been discharged and his accounts approved form a conclusive bar to the application of the plaintiff. The limit of that judicial finding, so far as it affects the parties, is that this trustee fully accounted for all that came into his possession, and it in no manner adjudges that the plaintiff is not entitled to a portion of the property which Gardiner turned over to his successor.

The above considerations dispose of the objections of the wife to the main relief asked for by the plaintiff. She, however, further, somewhat inconsistently, but, as I think, with the right to have the claim considered, urges that she should be repaid, by force of the judgment herein, for certain advances for necessaries which she insists her husband should have paid. A portion of those advances have been allowed to her by the referee who passed upon her accounts as committee. His finding is conclusive as to her expenditures from the time of the assumption of that duty to its discharge, because she was entitled to and did receive full consideration for all that she paid for, the maintenance of the plaintiff and herself, and all other necessary charges which she, standing in his place during that period, had to advance. If there are any bills for necessaries between the date of the marriage and the date of her application for the inquisition, which she has paid since her accounts

were passed upon, she is entitled to those. She cannot be allowed the expense of placing new mortgages upon her property. It was her privilege to sell that property and obtain funds, if necessary. She cannot keep the property, charge for expenses of new loans, and also for the amounts paid for necessaries. Nor is she entitled to any compensation for her expenditures for living during the period while she refuses to live with her husband.

If counsel can agree upon the items which should be allowed as indicated herein, the same may be incorporated into the judgment to be entered; otherwise, there must be a reference for that purpose. Judgment is directed in accordance with the views of this opinion. Judgment accordingly.