READE v. CONTINENTAL TRUST CO. et al.

(Supreme Court, Appellate Division, First Department. March 23, 1900.)

1. JURY TRIAL—EQUITY SUIT TO ENFORCE TRUST.

Where a trust deed provided that the trustee should pay to grantor the income of the property conveyed, and pay out of the principal of the fund a sum not exceeding $3,000 in each year on request of the grantor, a suit by the grantor to compel payment of such sum, and asking that, if the trustee had not enough funds of plaintiff to do so, he be required to sell sufficient of the principal to make the payment, was not an action at law, and defendant was not entitled to a jury trial.

2. MOTION TO DISMISS COMPLAINT ON PLAINTIFF'S EVIDENCE—WAIVER.

Where defendant moved to dismiss the complaint on plaintiff's evidence, after plaintiff had rested his case, but after his motion was denied introduced his own evidence, he thereby waived the motion, and the correctness of the judgment rendered should be determined on all the evidence.

3. HUSBAND AND WIFE—SEPARATION—WIFE'S MAINTENANCE—HUSBAND'S LIABILITY.

A wife living apart from her husband, of her own accord, could not recover of him her expenses of living during such separation.

4. TRUSTS—SALE OF TRUST PROPERTY.

Where a trust deed required the trustee to pay to the grantor from the principal of the fund a sum not exceeding $3,000 in each year, though the deed made no provision for a sale of any property conveyed save for the purpose of reinvesting the proceeds, the grantor was entitled to have

property sold by the trustee to make the payments he was entitled to on
his request.

5. SAME—CONSTRUCTION—PAYMENTS.

    Where a trust deed provided that the trustee should pay the grantor on
his request a sum not to exceed $3,000 in each year, and the grantor made
a request for $6,000 after the expiration of a year during which he had
made no request, the trustee was not bound to pay more than $3,000, since
a request was to be made before the expiration of the year for which the
payment was to be made.

6. SAME—CONDITIONS—PROOF.

    Where a trust deed provided the trustee should pay from the principal of
the trust fund a sum not exceeding $3,000 in each year on the grantor's
request, unless the grantor should willfully desert his wife, it was not
incumbent on the grantor, in a suit to compel such payment by the trustee,
to show that he had not deserted his wife.

7. SAME—DOWER—RIGHTS OF GRANTOR'S WIFE.

    Where the wife of grantor in a trust deed was not a party to the same,
the trustee could not sell lands included in the trust, for the benefit of
grantor, without such sale being subject to the wife's right to dower.

Appeal from special term, New York county.

Action by Robert L. Reade against the Continental Trust Com-
pany and Robert L. Reade, trustee, and Martha A. Reade, for con-
struction of a trust agreement. From a judgment in favor of plaintiff
(60 N. Y. Supp. 258), defendant Martha A. Reade appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
O'BRIEN, and INGRAHAM, JJ.

M. Cleiland Milnor, for appellant.
George Rosendale, for respondent Robert L. Reade.
Egerton L. Winthrop, Jr., for respondent Continental Trust Co.

RUMSEY, J. The plaintiff and the defendant Martha A. Reade
are husband and wife, having been married on the 20th of January,
1896. In the month of October, 1896, the plaintiff assigned to trus-
tees a considerable amount of real estate owned by him and some
personal property, upon a trust to take possession of the property,
collect the principal due and to become due, and receive the rents
and profits of the real estate and the income of the personal prop-
erty, and, after paying all expenses, to pay the income derived
therefrom to the plaintiff as long as he should live, and also to pay
to him out of the principal of the fund, upon his written request,
a sum of money not to exceed $3,000 in each and every year. It
was further provided that, in case the plaintiff willfully deserted
his wife, the trustee should pay to her one half of the income, and
the remaining half to him, and should pay to the plaintiff, upon his
written request, not over $1,500 in each year out of the principal,
and to pay to the defendant, his wife, a like sum upon her written
request, during the period of such willful desertion. Upon the death
of the plaintiff, leaving his wife surviving him, it was directed that
the trustee should convey the whole property to the defendant,
her heirs and assigns. The plaintiff asks for judgment that the
trustee pay to him $3,000 for the year ending October 3, 1896, the
same sum for the year ending October 3, 1897, and the same sum
for the year ending October 3, 1898, and that, if the trustee has not

the money in his hands to pay these sums, he be required to sell so much of the property as may be necessary to enable him to pay them. The court at the special term (60 N. Y. Supp. 258) ordered judgment substantially as requested by the plaintiff, and from that judgment the defendant Martha A. Reade appeals. The questions raised upon that appeal will be considered in the order in which they have been presented on the brief of Mrs. Reade's counsel.

At the opening of the case he moved for a jury trial, claiming that the action was one at law for the recovery of a sum of money only, and he insists that it was error to deny that motion, and to try the case at special term. 58 N. Y. Supp. 321. It is quite clear that this position was not well taken. The plaintiff asked something more than the mere recovery of a sum of money. He made no personal claim against the trustee, but the relief he sought was that the trustee be required to sell so much of the property as was necessary to pay him the money which he claimed to be entitled to out of the trust fund. If he asked simply to recover the money from the trust fund, it would have been a sufficient answer that the trustee did not have the money in his possession. It was an essential part of his relief that the property should be sold to raise the money he sought. Such an action was clearly not one at law. The defendant was not entitled to a jury trial.

It is unnecessary to consider the motion to dismiss the complaint upon the plaintiff's evidence. The ruling on the motion to dismiss the complaint, made at the close of the plaintiff's case, is not here for review. If the defendant has raised the question that the plaintiff's evidence is not sufficient to warrant the recovery, and he desires to have that question presented to the appellate court, he must stand upon the evidence then before the court; and if he sees fit, after the denial of his motion, to give testimony in his own behalf, he has waived the motion, and the correctness of the judgment finally ordered is to be determined upon all the evidence then before the court. Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27; Hobson v. Milk Co., 25 App. Div. 111, 49 N. Y. Supp. 209.

The settlement of the accounts of the first trustee when he was discharged, and the Continental Trust Company substituted in his place, has no bearing upon any of the questions presented here. The only question for determination at that time was the amount of the trust fund in the hands of the old trustee, and that was to be ascertained merely for the purpose of knowing the amount he was to turn over to his successor, and for which the successor would be responsible. The question as to the subsequent application of any of the money so turned over by the first trustee to the second could be raised in that proceeding. The same may be said as to the proceeding of the defendant to settle her accounts. Nothing was determined there which in any way could have any bearing upon the issues presented in this case. The court was quite right in refusing to allow to. the defendant Martha A. Reade her expenses during the period she refused to live with her husband, or the expenses of placing new mortgages on her .property. It needs no argument to show that, as between husband and wife, if the wife

sees fit to live apart from her husband, as the defendant did, she cannot recover these expenses from her husband, whatever may be the right of other persons to furnish necessaries to her upon her husband's credit while she is living alone.

The only other questions presented are as to the propriety of the judgment which was ordered. Three objections are made to it. In the first place, it is said that the trust deed did not permit the sale of the property to pay to the plaintiff these several sums of $3,000 a year upon his request. In that respect we agree with the learned justice at the special term. That the plaintiff had the right to have this sum of $3,000 a year upon his written request cannot be denied, and that it was the duty of the trustee to pay it to him when requested is equally clear. It was not to be paid out of the income, because, under the provisions of the trust deed, the whole income was to be paid over without any conditions whatever. It was utterly impossible for the trustee to pay to Reade the $3,000 a year upon his request, or to pay Martha A. Reade, the defendant, the $1,500 a year, if she should become entitled to it, unless these payments were made out of the trust fund, because the income was all disposed of by the deed. The court was correct, therefore, in holding that the plaintiff was entitled to have this property sold to make the payments he was entitled to receive upon his written request. But the plaintiff could not become entitled to these payments unless he had given to the trustee a written request that they should be made. The court found as a fact that a written request had been made for the year beginning October 3, 1896; also that a written request was made for the payment of the sum of $3,000 for the year beginning on the 4th of October, 1897; and also that a written request was made for the payment of the sum of $3,000 for the year beginning on the 4th of October, 1898, but that none of these sums had been paid. All these findings were excepted to. The only evidence on this subject was that contained in Exhibit B, in which the request was made for the payment of $3,000 for the year expiring October 3, 1897, and $3,000 for the year expiring October 3, 1898. There was no request made for a year beginning at any time. The only request was made on the 30th of September, 1898. No request whatever was made for the year beginning on October 3, 1898, and expiring October 3, 1899.

The majority of the court are of the opinion that the plaintiff did not make a sufficient written request to become entitled to the payment of the $3,000 which became due for the year ending October 3, 1897. By the terms of the deed, the trustee was to pay to the party of the first part, upon his written request, a sum of money not to exceed $3,000 in each and every year. It is thought by the majority of the court that the true construction of this provision of the deed requires that the written request necessary to entitle the plaintiff to the $3,000 must be made before the expiration of the year for which the money was to be paid. The money is to be paid "in each and every year," and the request for the payment should be made before the year shall have expired for which the plaintiff claims. It is to be presumed that the $3,000 is to be paid for use in the year in

which it is requested, and the plaintiff is not at liberty to permit a year to go over without a demand for the payment, and then, after it has expired, to request the trustee to pay for more than one year at a time. As the only request which was made was given to the trustee on the 30th of September, 1898, which was almost a year after the plaintiff was entitled to the 1897 payment, the request was not sufficient to entitle him to receive that payment. There was no request to make any payment for the year beginning October 3, 1898, and ending October 3, 1899; and therefore the plaintiff cannot, in any event, become entitled to the sum of $3,000 for that year. The judgment should therefore be modified not only by striking out the requirement for the sale of sufficient property to pay the $3,000 for the year ending October 3, 1896, but also for the year ending October 3, 1897, and the trustee should be required to make the payment to the plaintiff for the year ending October 3, 1898.

It is claimed by the defendant that before the plaintiff could become entitled to this relief he should have proved that he had not willfully deserted the defendant, his wife. That clearly is not so. He was absolutely entitled to $3,000 in each year upon his request. He could only be deprived of one-half in case he had deserted his wife, and the person alleging that must prove it. But it was affirmatively established on the trial that the plaintiff did not willfully desert his wife, but that, on the contrary, she willfully refused to live with him. So, if it was necessary for the fact to appear, it did appear, and was not disputed.

Mrs. Reade, the defendant, insists that the real estate which was subject to the trust should only be sold subject to her right of dower, and that the judgment should so prescribe. In that regard we think she is correct. She did not join in the trust deed, and therefore the trustee took the real estate subject to whatever dower right she had in it. As the sale is to be made for the benefit of her husband, and not for her, she has the right to insist that she shall not be deprived of her dower right, which she has not yet released. As it is clear, upon the facts, that she has a right of dower in the property, it is only proper that the provision should be inserted in the judgment that the property, if sold, should be sold subject to any dower right she may have therein.

The judgment should be modified as indicated herein, and as so modified affirmed, with costs. All concur.