BRUEN v. CULLEN et al. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Edwin C. Bruen against Cullen Bros. and others. No opinion. Motion granted, with $10 costs.

BUESING, Respondent, v. METROPOL-ITAN ST. RY. CO., Appellant. (City Court of New York, General Term. May, 1901.) Action by Gustav Buesing, by Hugo H. Weichelt, his guardian ad litem, against the Metropolitan Street Railway Company. Henry A. Robinson (John T. Little and Ambrose F. McCabe, of counsel), for appellant. Max D. Steuer (Abraham Oberstein, of counsel), for respondent.

CONLAN, J. The action was brought to recover for injury alleged as a consequence of the defendant's negligence, and the one question submitted by the defendant on this appeal is that the verdict is grossly against the weight of evidence. The amount demanded was $1,500, and the verdict just half that sum. No advantage accrues to the defendant by reason of his exception to the ruling on the motion for a dismissal of the complaint at the close of the plaintiff's case. He accepted the alternative offered him, gave evidence in his own behalf, and thereby waived the motion. Reade v. Trust Co., 49 App. Div. 400, 63 N. Y. Supp. 395; Hopkins v. Clark, 158 N. Y. 299, 53 N. E. 27. By introducing the evidence, the defendant created a sharp conflict, upon which the whole case was fairly submitted to the jury. We do not find in the record before us the preponderance of evidence in favor of the defendant which it so boldly asserts in its brief. The jury were at liberty to consider and determine what weight was to be given to all of the evidence, and for reasons which appear to have been sufficient to them a different value was placed upon the testimony of the defendant from what the counsel claims for it. If, for reasons satisfactory to them, they discredited any portion of the evidence advanced by the defendant, it was clearly their province to do so, and courts on appeal are very reluctant to disturb the finding of a jury, where the evidence has been of a sharp, conflicting character. The theories of the plaintiff and defendant as to how the accident occurred were widely different, and we are not disposed to differ from the jury with the conclusion arrived at. The other exceptions taken by the defendant do not affect, in our opinion, the single question before us on this appeal, and the judgment and order appealed from must therefore be affirmed. Judgment and order affirmed.

O'DWYER, J., concurs.

BURNHAM, Respondent, v. RAYMOND, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 8, 1901.) In the matter of the application for a writ of assistance by Hiram Burnham against Elizabeth Raymond. No opinion.

BURTSELL, Respondent, v. TUPPER, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by John M. Burtsell against Jonas C. H. Tupper. G. Finck, for appellant. M. J. Joyce, for respondent.

PER CURIAM. Irrespective of the alleged demerits in the answer, the defendant's motion to dismiss the complaint because of failure to state facts sufficient to constitute a cause of action should have been granted. That pleading is defective from the omission to allege the fact of the nonpayment of the face amount of the capital stock issued at the time the debt to the plaintiff was incurred, and also the number of shares held by the defendant. The plaintiff is in any event bound to present to the court a cause of action, when his having done so is properly questioned. Judgment reversed, and new trial ordered, with costs to abide event.

BUSH v. O'BRIEN et al. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Irving T. Bush against John O'Brien and others. No opinion. Motion denied.

BUSHNELL, Respondent, v. BROOKLYN UNION EL. R. CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Adelaide E. Bushnell against the Brooklyn Union Elevated Railroad Company and the Brooklyn Heights Railroad Company. No opinion. Judgment affirmed, with costs.

SEWELL, J., not sitting.

CAHILL, Appellant, v. LICHTENSTADTER, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by James B. Cahill against Max Lichtenstadter. Holt & Duross, for appellant. J. Martin, for respondent.

PER CURIAM. The evidence sufficiently establishes a prima facie case. The truck had painted upon it the words, "M. Lichtenstadter, 54th Street and 1st Avenue." It was loaded with what appeared to be flour barrels. Defendant was engaged in the flour business at 986 First avenue, near Fifty-Fourth street. The facts established were sufficient to put defendant upon his proof. Doherty v. Lord, 8 Misc. Rep. 227, 28 N. Y. Supp. 720; Seamen v. Koehler, 122 N. Y. 646 25 N. E. 353. Judgment reversed, and new trial ordered, with costs.

CALMORE, Respondent, v. CAPEN, Appellant. (Supreme Court, Appellate Division, Second Department. October 24, 1901.) Action by Evelena Calmore against Mary Louise Capen, impleaded with others. No opinion. Order affirmed, with $10 costs and disbursements.