AUSTIN v. BUFFALO ELECTRIC VEHICLE CO.

(Supreme Court, Appellate Division, First Department.   April 7, 1916.)

Appeal from Trial Term, New York County.

Action by Annie M. Austin against the Buffalo Electric Vehicle Company. From a judgment for the plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, PAGE, and DAVIS, JJ.

Harold G. Aron, of New York City, for appellant.
Adrian R. Moynahan, of Brooklyn, for respondent.

PER CURIAM. It does not appear from the evidence that the automobile which caused the injury was in the possession or under the control of the defendant. It also would appear from the evidence on this trial that the proximate cause of the injury was the negligent act of a third person, for whose act the defendant was not responsible.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide the event.

SCOTT, J. (dissenting). I cannot concur in the reversal of this judgment. In my opinion it was culpably negligent for the person, whoever it may have been, to leave the car open and accessible to any person and so charged with electrical power that the mere pressing of a button or shifting of a lever could start it up.

The car was an electric automobile, and it was exhibited at an electrical show in the city of New York. Such exhibitions are arranged primarily for advertising purposes with a view to making sales. As a rule they are numerously attended, and the persons who attend them are usually curious, especially as to the mechanical operation of the exhibits. Under these conditions, if the car was left open, the very thing happened which was to have been expected: That some one would enter the car and push buttons and shift levers, just to see what would happen. What did happen in this case was precisely what might have been and should have been anticipated, if the car was left in such a condition that it could be started. It did start, and injured plaintiff, and, in my opinion, her injuries are directly traceable to the negligence I have referred to. It surely would have been easy to lock the car so that no stranger could enter it, or to take out the storage batteries, or in some way to assure that the car could not be inadvertently started.

I also think that the plaintiff made out a prima facie case of responsibility against defendant. It was a car of defendant's make, sent to the show for exhibition and presumably for sale. It had been brought to the show and left there by one of defendant's employés, and over the space where the car stood was a large electrical sign bearing defendant's name. Indeed, it is to be presumed that the negligence in leaving the car in such a condition that it could be inadvertently started was that of defendant's employé who brought the car to the show and left it there. All these circumstances made out, on well-established principles a prima facie case of liability against defendant. Curley v. Electric Vehicle Co., 68 App. Div. 18, 74 N. Y. Supp. 35; Seaman v. Koehler, 122 N. Y. 646, 25 N. E. 353.

If, in fact, the defendant was not responsible, but some one else was, that fact was known to defendant, and it should have so shown. The defendant knowing the truth and omitting to speak, every inference warranted by the evidence should be indulged against it. Wylde v. Northern R. R. Co. of N. J., 53 N. Y. 156; Seaman v. Koehler, supra. The case discloses no errors prejudicial to defendant which warrant reversal, and the damages are not excessive. Even if the person who started the car was negligent in doing so, which under the circumstances is by no means clear, still his negligence will not exonerate the defendant. Even under these circumstances it would be a case of concurrent negligence, and it is no justification or defense for this defendant that another party, a stranger, was also in the wrong. Sheridan v. Brooklyn & Newtown R. R. Co., 36 N. Y. 39–41, 93 Am. Dec. 490.

The judgment and order appealed from should be affirmed, with costs.